CALLISTER NEBEKER & McCULLOUGH
JEFFREY L. SHIELDS (2947) *jlshields@cnmlaw.com*
ZACHARY T. SHIELDS (6031) *zachshields@cnmlaw.com*
Zions Bank Building Suite 900
10 East South Temple
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127
Attorneys for Bruce R. Wisan, Special Fiduciary
of the United Effort Plan Trust

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE UNITED EFFORT PLAN TRUST, (Dated November 9, 1942, Amended April 10, 1946, and Amended and Restated on November 3, 1998); and its, TRUSTEES, including known trustees TRUMAN BARLOW, WARREN JEFFS, LEROY JEFFS, WINSTON BLACKMORE, JAMES ZITTING and WILLIAM E. JESSOP a/k/a WILLIAM E. TIMPSON and DOE TRUSTEES 1 THROUGH IX. | **SPECIAL FIDUCIARY'S MOTION TO APPROVE DISTRIBUTIONS OF TRUST PROPERTY**<br><br>Civil No. 053900848<br><br>Judge Denise P. Lindberg<br><br>**[Hearing Requested]** |

Bruce R. Wisan, the Court-Appointed Special Fiduciary of the United Effort Plan Trust

(the "Fiduciary"), through counsel, hereby moves the Court to approve the proposed distributions

of certain portions of Trust property (residences and surrounding property) to 24 petitioning

members of the Trust's beneficiary class, pursuant to the unanimous recommendations of the

Trust's Housing Committee, as follows:

## BACKGROUND FACTS

1.      The Court in this Probate Action reformed the United Effort Plan Trust (the

"Trust") pursuant to the entry of the Reformed Declaration of Trust of the United Effort Plan

Trust Dated October 25, 2006 (the "Reformed Trust Declaration").

2.      The Reformed Trust Declaration provides that property of the Trust may be

distributed to members of the Trust's beneficiary class as deemed advisable by the Board:

> The Board may from time to time distribute Trust Property as they deem
> advisable to individual Trust Participants, or all of them, in accordance
> with the Trust's overall purpose as set forth herein. Such distributions may
> be made to or for the benefit of the Trust Participants by any means
> deemed appropriate by the Board, including transfers by deed or in trust or
> by other appropriate instrument or means. . . .

Reformed Trust Declaration, at Section 6.1.

3.      The Reformed Trust Declaration provides that members of the Trust' beneficiary

class may request benefits from the Trust by submitting written petitions to the Trust:

> Mechanism for Trust Participants to Petition for Benefits.  Any Trust
> Participant may make a request for benefits from the Trust by filing with
> the Board (or its authorized representative), a written petition setting forth
> the benefits desired and the facts and circumstances supporting such
> petition.  Neither the filing of a petition nor the failure of the Board to
> respond to a petition shall entitled a Trust Participant to any benefit from
> the Trust.   The Board may respond to the petition at such time, if ever, and
> in such manner as the Board in its sole discretion determines.

*Id.* at Section 6.3.

4.      Shortly after the entry of the Reformed Trust Declaration, the Fiduciary

established a process to enable members of the Trust's beneficiary class to petition for benefits

from the Trust.

5.      After consultation with the Advisory Board, the Fiduciary prepared a form

*Petition for Benefits* to allow Trust Participants to provide information regarding their requested

benefits in a uniform manner.

6.      In December 2006, the Fiduciary distributed copies of the form *Petition for Benefits* by mail to every post-office box in Hildale and Colorado City, and by hand-delivery to every residence on Trust property in British Columbia, Canada.

7.      The Fiduciary also distributed a NOTICE REGARDING THE UNITED EFFORT PLAN TRUST (the "Notice") to provide information regarding the petition process to the members of the beneficiary class.

8.      The Notice was served by mail to every post-office box in Hildale and Colorado City, and by hand-delivery to every residence on Trust property in British Columbia, Canada.   It was also published in local newspapers in the areas where Trust Participants were believed to reside: St. George, Utah; Eldorado, Texas; Durango, Colorado; and Custer, South Dakota.

9.      The Notice provided information regarding reformation of the Trust and the process for petitioning for benefits from the Trust.

10.      The Notice further informed the beneficiary class that the Fiduciary intended to make decisions regarding the distributions of Trust property which may permanently impact the ownership status of Trust property.   It invited Trust Participants to submit petitions for any property in which they had an interest.   It further requested Trust Participants to communicate with the Trust to provide any information they may have regarding the distributions of Trust property.   Specifically, the Notice provided:

> After March 31, 2007, the Trust intends to make decisions regarding the distribution of Trust property.  Because such decisions may permanently impact the ownership status of Trust property, the Trust desires to be fully informed of all relevant facts in making such decisions.  Accordingly, the Trust desires input from any and all interested parties with respect to distributions of Trust property.  *If you have any information relevant to the*

3

> *distribution of Trust property, you are requested to make it known to the Trust in writing by March 31, 2007.*
> . . .
> If you have any interest or desire with respect to any specific item of Trust property you must make it known to the Trust by submitting a completed form *Petition for Benefits* prior to the expiration of the deadline. Alternatively, if you do not wish to submit a *Petition for Benefits*, but you nevertheless wish to provide input with respect to the use or distribution of Trust property, you are requested to provide such input to the Trust in writing on or before March 31, 2007.

Notice, at p. 2 (emphasis in original).

11.     The Notice concluded as follows:

> If you do not provide input in a timely manner (whether through a *Petition for Benefits* or otherwise), Trust property may be distributed by the Trust without the benefit of your input.

*Id.*

12.     Since the distribution of the Notice and form *Petition for Benefits*, the Trust has received approximately 450 petitions from members of the beneficiary class – seeking various different types of benefits from the Trust with respect to numerous different portions of the Trust's property. Such petitions include requests for the interim use of Trust property and requests for the outright distribution of deeds to specific residences on Trust property.

13.     The *Petitions for Benefits* received by the Trust have been reviewed and considered by the Trust's Housing Committee,[1] which has made recommendations to the Fiduciary with respect to such petitions.

---

[1]The members of the Housing Committee are as follows:  Don Timpson, Margaret Cooke, Katie Cox, Deloy Bateman, and Janice Knudson.

14.     In reviewing the petitions received, the Fiduciary has instructed the Housing Committee to consider the factors set forth in Section 6.4 of the Reformed Trust Declaration, and to give such factors such weight as they deem appropriate.

15.     Until recently, the Trust has not been in a position to distribute outright ownership of the residences because the Trust's real property has not been subdivided.  With the recent successful subdivision of the Trust's real property in Hildale, however, the Trust is now in a position to begin the distribution of real property deeds to members of the beneficiary class.

16.     Members of the Trust's Advisory Board and Housing Committee, and other members of the Trust's beneficiary class, have urged the Fiduciary to quickly begin distributing ownership of residences to members of the beneficiary class.  Such persons have indicated that they believe that the distribution of property may have a positive effect upon other members of the beneficiary class who, to date, have been unwilling to communicate or cooperate with the Fiduciary.  They have characterized the distribution of property as a "carrot" which may entice beneficiaries to come to the table and work with the Fiduciary, as opposed to the "stick" of legal evictions, which may harden beneficiaries in their opposition to the Trust.

17.     The Housing Committee has now recommended to the Fiduciary that the Trust immediately distribute ownership of certain specified parcels of the Trust's real property in Hildale to 24 petitioners who have filed a *Petition for Benefits* seeking ownership of such properties.

18.     A list of the petitioners, and a description of the property proposed to be distributed to each petitioner, is set forth on Exhibit "A" attached hereto.

19.     The Fiduciary understands that the following facts are generally common with respect to the 24 petitions: (1) the petitioner is seeking ownership of a residence and surrounding footprint of land (which may or not include additional buildings) which the petitioner occupied for many years; (2) the respective property has generally been known and understood by the community to be the residence of the petitioner; (3) no individual person, other than the petitioner and his or her family, is known to have made any significant contribution toward the improvement to the property; (4) no other beneficiaries have submitted a *Petition for Benefit* to the Trust with respect to such property; and (5) there are no known competing claims to the property. The Fiduciary believes that these are some of the important factors underlying the recommendations of the Housing Committee for the distribution of such properties to the petitioners.

20.     The Fiduciary is informed that the vote of the Housing Committee has been unanimous with respect to the recommendations for the distributions of the properties listed on Exhibit "A".

21.     Having reviewed the relevant petitions, and having consulted with members of the Housing Committee, the Fiduciary is inclined to accept the recommendations of the Housing Committee with respect to these 24 petitions, subject to the input and approval of the Court.

22.     The Fiduciary notes that one of the petitioners on the recommended distribution list is Katy Cox, who is a member of the Trust's Advisory Board and Housing Committee. The Fiduciary is informed that when her petition came up for consideration Katy Cox recused herself from voting on the petition, and that the remaining members of the board voted unanimously to grant the petition on the merits. The Fiduciary is familiar with the circumstances of the petition

filed by Katy Cox, and he is convinced that the proposed distribution of the property is appropriate.[2]

23.     The Fiduciary also notes that Jethro Barlow is one of the petitioners on the recommended distribution list.  As the Court is aware, Jethro Barlow has worked closely with the Fiduciary and the Advisory Board in this case, but he is not a voting member of the Advisory Board or the Housing Committee.  The Fiduciary is familiar with the circumstances of the petition filed by Jethro Barlow, and he is convinced that the proposed distribution of the property to Mr. Barlow is appropriate.

24.     In consultation with the Advisory Board, the Fiduciary has determined that the Trust will require the following payments from each petitioner as a condition of transfer:

A.     Payment of all past-due occupancy fees for the residence owing from January 1, 2008 through the date of transfer;

B.     Payment of all costs with respect to the transfer of the property, including any and all closing costs, recording fees, title fees, etc.; and

C.     Payment of $0.15 per square foot of real property transferred (a rate of $6,534 per acre).[3]

_____

[2] Katy Cox and Earlene Cox are the widows of the late Don Cox, who was awarded a life estate in the residence in litigation in state court in the 1990s.  Having resided in the residence for many years, Katy and Earlene filed petitions seeking ownership of the residence.  The Housing Committee has recommended that the residence be deeded jointly to Katy and Earlene.

[3] The land transfer payment amount of $0.15 per square foot was chosen for several reasons.  It was deemed appropriate to charge by the size of the lot, so that petitioners receiving larger lots would pay more than those receiving smaller lots.  It is believed that the payment amount is sufficiently large to address the Trust's financial needs – considering the amount of the Trust's debts and anticipated future revenues and expenses.  At the same time, the payment amount is not so large as to work an undue burden on the petitioners.  (The payment amount is lower than the actual fair market value of the land, which is believed to be between $0.20 and $0.25 per square foot).

25.     In addition, the Fiduciary anticipates that the property transfers will be governed by the following terms and conditions:

      A.     The Trust will require that each petitioner execute a release of claims against the Trust as a condition of transfer;

      B.     The Trust will not provide title insurance to the recipients of the transfers; and

      C.     The Trust will not cure any outstanding property tax obligation which may be owing on the property, but the recipients of the transfers will acknowledge that they are liable for any and all unpaid property taxes.

26.     It is anticipated that the Trust will require these same (or similar) payments, terms, and conditions in connection with future distributions of Trust property, unless the circumstances dictate otherwise.[4]

27.     It is anticipated that the transfer of ownership of the designated properties shall be by special warranty deed to the recipient(s) designated by the named petitioner.

28.     As a courtesy, the Fiduciary intends to provide notice of the present Motion (including notice of the intent to distribute Trust property to the 24 petitioners) to members of the Trust's beneficiary class.

29.     Although the Fiduciary believes that members of the beneficiary class were given ample notice and opportunity to be heard on these matters in 2006 and 2007, the Fiduciary nevertheless welcomes any and all relevant information and input as to the proposed

_____

[4] For example, in future distributions, it is anticipated that the Trust may require some additional payment which may be tied to the value of the improvements on the property. Such payment is not required with respect to the 24 petitions at issue in the present Motion – given that there are no competing claims to the property and that the petitioners themselves generally bore the costs of such improvements. In future cases, however, where the circumstances may be different, it may be appropriate to require some form of payment for the improvements.

distributions.  Because the proposed distributions will permanently affect the ownership of the subject properties, the Fiduciary wants to give interested persons one final opportunity to be heard before ownership is irrevocably transferred to the petitioners.

30.     It is anticipated that the Notice will be posted on each of the properties scheduled for distribution, as well as in other prominent locations in Hildale and Colorado City.  It is also anticipated that the Notice will be posted on the Trust's website.

31.     It is anticipated that the Notice will: (1) identify each parcel of property proposed for distribution; (2) identify the name of the petitioners who are proposed to receive the property distributions; (3) list the date and time of the anticipated court hearing on the Motion; and (4) invite all interested persons to be heard with respect to the proposed distributions.

32.     The Fiduciary anticipates that a member of the Trust's Housing Committee will attend the hearing on this Motion, and will be available to answer any questions the Court may have with respect to its recommendations to the Fiduciary.

<u>**DISCUSSION**</u>

Based upon the above-stated facts, and such additional and further facts as shall be presented to the Court at the hearing on this matter, the Fiduciary hereby recommends that the Court approve the Trust's distribution of special warranty deeds for the properties listed on Exhibit "A" hereto to the petitioners listed on Exhibit "A" hereto, according to the terms set forth above, or as modified by the Court.

The Fiduciary further invites any input and suggestions from the parties, any interested persons, and the Court with respect to such recommendations.

## CONCLUSION

For the above-stated reasons, the Fiduciary hereby requests that this Motion to Approve Distributions of Trust Property be granted.

DATED: September 4, 2014.                    CALLISTER NEBEKER & McCULLOUGH


/s/ Jeffrey L. Shields
Jeffrey L. Shields
Attorneys for the Fiduciary

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **SPECIAL FIDUCIARY'S MOTION TO APPROVE DISTRIBUTIONS OF TRUST PROPERTY** was served via the Court's electronic filing notification system to e-filers as indicated on the Court Service List Report and via United States Mail, first class postage prepaid, as indicated below, on this 4th day of September 2014, to the following:

     Sandra R. Kane
     Brad Kevin Keogh
     Arizona Attorney General's Office
     1275 West Washington Street
     Phoenix, AZ  85007

                           /s/   Jeffrey L. Shields

11

# Exhibit "A"

## Schedule of Proposed Distribution of Property

|    | Petitioner(s) | Street Address of Property | Legal Description of Property |
|----|---------------|----------------------------|------------------------------|
| 1  | James M. Pipkin | 675 N. Lauritzen St. | Lot 26, Subdivision No. 6 |
| 2  | Lester Johnson | 640 N. Oak St. | Lot 45, Subdivision No. 1 |
| 3  | Rayo Spencer Johnson | 980 Canyon St.; 940 Hildale St. | Lots 7 & 18, Subdivision No. 9 |
| 4  | Hazel Zitting | 325 W. Field Ave. | Lot 25, Subdivision No. 6 |
| 5  | Charles S. Johnson | 950 N. Canyon St. | Lot 19, Subdivision No. 9 |
| 6  | Robert Williams | 265 W. Utah Ave. | Lot 8, Subdivision No. 6 |
| 7  | Jethro Barlow | 1085 N. Canyon St. | Lot 11, Subdivision No. 10 |
| 8  | Kathryn Cox & Earlene Cox | 725 Lauritzen St. | Lot 5, Subdivision No. 6 |
| 9  | Andrew W. Chatwin | 660 N Willow St. | Lot 38, Subdivision No. 1 |
| 10 | Leroy Stubbs | 620 W. Uzona Ave. | Lot 43, Subdivision No. 1 |
| 11 | Nelda Johnson | 745 N. Lauritzen St. | Lot 4, Subdivision No. 6 |
| 12 | Merrill Harker | 350 W. Uzona Ave. | Lot 29, Subdivision No. 6 |
| 13 | Dianne Williams | 1080 N. Canyon St. | Lot 20, Subdivision No. 10 |
| 14 | George R. Hammon | 1035 N. Carling St. | Lot 1, Subdivision No. 11 |
| 15 | John W. Barlow | 1280 N. Canyon St. | Lot 2, Subdivision No. 12 |
| 16 | Bygnal Dutson, Jr. | 925 N. Pinion St. | Lot 12, Subdivision No. 4 |
| 17 | Ronald S. Rohbock | 930 N. Memorial Ave. | Lot 17, Subdivision No. 9 |
| 18 | Lee Steed | 825, 845, 865 & 885 N. Oak St. | Lots 18-21, Subdivision No. 3 |
| 19 | Jim Barlow | 1045 N. Carling St. | Lot 3, Subdivision No. 11 |
| 20 | Thomas V. Barlow | 290 W. Field Ave. | Lot 15, Subdivision No. 6 |
| 21 | James A. Cox | 745 N. Richard St. | Lot 21, Subdivision No. 1 |
| 22 | Craig Bateman/Leona Batemen | 345 W. Utah Ave. | Lot 2, Subdivision No. 6 |
| 23 | E. Paul Jessop | 725 N. Hammon St. | Lot 12, Subdivision No. 6 |
| 24 | David Cook | 360 E. Utah Ave. | Lot 32, Subdivision No. 9 |

The Order of Court is stated below:
Dated:   October 11, 2014      /s/  Denise P. Lindberg
             02:53:07 PM                    District Court Judge

CALLISTER NEBEKER & McCULLOUGH
JEFFREY L. SHIELDS (2947) *jlshields@cnmlaw.com*
ZACHARY T. SHIELDS (6031) *zachshields@cnmlaw.com*
Zions Bank Building Suite 900
10 East South Temple
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127
Attorneys for Bruce R. Wisan, Special Fiduciary
of the United Effort Plan Trust

### IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
### STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE UNITED EFFORT PLAN TRUST, (Dated November 9, 1942, Amended April 10, 1946, and Amended and Restated on November 3, 1998); and its, TRUSTEES, including known trustees TRUMAN BARLOW, WARREN JEFFS, LEROY JEFFS, WINSTON BLACKMORE, JAMES ZITTING and WILLIAM E. JESSOP a/k/a WILLIAM E. TIMPSON and DOE TRUSTEES 1 THROUGH IX. | **ORDER GRANTING SPECIAL FIDUCIARY'S MOTION TO APPROVE DISTRIBUTIONS OF TRUST PROPERTY**<br><br>Civil No. 053900848<br><br>Judge Denise P. Lindberg |

Before the Court is the Special Fiduciary's Motion to Approve Distributions of Trust

Property, dated September 4, 2014 (the "Motion"), filed by Bruce R. Wisan, the Court-

Appointed Special Fiduciary of the United Effort Plan Trust (the "Fiduciary").   Having

reviewed the Motion, having received no opposition to the Motion, being fully apprised, and for

good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Fiduciary is hereby authorized to distribute the Trust's real property in accordance

with the terms of the Motion.

********** **END OF DOCUMENT** **********

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September 2014 a true and correct copy of the

foregoing **[PROPOSED] ORDER GRANTING SPECIAL FIDUCIARY'S MOTION TO**

**APPROVE DISTRIBUTIONS OF TRUST PROPERTY** was served via the Court's electronic

filing notification system to e-filers as indicated on the Court Service List Report and via United

States Mail, first class postage prepaid, as indicated below, to the following:

Sandra R. Kane
Brad Kevin Keogh
Arizona Attorney General's Office
1275 West Washington Street
Phoenix, AZ  85007

_/s/   Jeffrey L. Shields_

CALLISTER NEBEKER & McCULLOUGH
JEFFREY L. SHIELDS (2947) *jlshields@cnmlaw.com*
ZACHARY T. SHIELDS (6031) *zachshields@cnmlaw.com*
Zions Bank Building, Suite 900
10 East South Temple
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127
Attorneys for Bruce R. Wisan, Special
Fiduciary of the United Effort Plan Trust

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE UNITED EFFORT PLAN TRUST, (Dated November 9, 1942, Amended April 10, 1946, and Amended and Restated on November 3, 1998); and its, TRUSTEES, including known trustees TRUMAN BARLOW, WARREN JEFFS, LEROY JEFFS, WINSTON BLACKMORE, JAMES ZITTING and WILLIAM E. JESSOP a/k/a WILLIAM E. TIMPSON and DOE TRUSTEES I THROUGH IX. | **SPECIAL FIDUCIARY'S MOTION TO APPROVE SECOND DISTRIBUTION OF TRUST PROPERTY**<br><br>Civil No. 053900848<br><br>Judge: Denise P. Lindberg |

Bruce R. Wisan, the Court-Appointed Special Fiduciary of the United Effort Plan Trust (the "Fiduciary"), through counsel, hereby moves the Court to approve the proposed distributions of certain portions of Trust property (residences and vacant lots) to 11 petitioning members of the Trust's beneficiary class, pursuant to the unanimous recommendations of the Trust's Housing Committee, as follows:

## BACKGROUND FACTS

1.      The Court in this Probate Action reformed the United Effort Plan Trust (the "Trust") pursuant to the entry of the Reformed Declaration of Trust of the United Effort Plan

1

Trust Dated October 25, 2006 (the "Reformed Trust Declaration").

2. The Reformed Trust Declaration provides that property of the Trust may be distributed to members of the Trust's beneficiary class as deemed advisable by the Board:

> The Board may from time to time distribute Trust Property as they deem advisable to individual Trust Participants, or all of them, in accordance with the Trust's overall purpose as set forth herein. Such distributions may be made to or for the benefit of the Trust Participants by any means deemed appropriate by the Board, including transfers by deed or in trust or by other appropriate instrument or means. . . .

Reformed Trust Declaration, at Section 6.1.

3. The Reformed Trust Declaration provides that members of the Trust's beneficiary class may request benefits from the Trust by submitting written petitions to the Trust:

> <u>Mechanism for Trust Participants to Petition for Benefits.</u>  Any Trust Participant may make a request for benefits from the Trust by filing with the Board (or its authorized representative), a written petition setting forth the benefits desired and the facts and circumstances supporting such petition. Neither the filing of a petition nor the failure of the Board to respond to a petition shall entitled a Trust Participant to any benefit from the Trust. The Board may respond to the petition at such time, if ever, and in such manner as the Board in its sole discretion determines.

*Id.* at Section 6.3.

4. Shortly after the entry of the Reformed Trust Declaration, the Fiduciary established a process to enable members of the Trust's beneficiary class to petition for benefits from the Trust.

5. After consultation with the Advisory Board, the Fiduciary prepared a form *Petition for Benefits* to allow Trust Participants to provide information regarding their requested benefits in a uniform manner.

2

6.      In December 2006, the Fiduciary distributed copies of the form *Petition for Benefits* by mail to every post-office box in Hildale and Colorado City, and by hand-delivery to every residence on Trust property in British Columbia, Canada.

7.      The Fiduciary also distributed a NOTICE REGARDING THE UNITED EFFORT PLAN TRUST (the "Notice") to provide information regarding the petition process to the members of the beneficiary class.

8.      The Notice was served by mail to every post-office box in Hildale and Colorado City, and by hand-delivery to every residence on Trust property in British Columbia, Canada.  It was also published in local newspapers in the areas where Trust Participants were believed to reside: St. George, Utah; Eldorado, Texas; Durango, Colorado; and Custer, South Dakota.

9.      The Notice provided information regarding reformation of the Trust and the process for petitioning for benefits from the Trust.

10.     The Notice further informed the beneficiary class that the Fiduciary intended to make decisions regarding the distributions of Trust property which may permanently impact the ownership status of Trust property.  It invited Trust Participants to submit petitions for any property in which they had an interest.  It further requested Trust Participants to communicate with the Trust to provide any information they may have regarding the distributions of Trust property.  Specifically, the Notice provided:

> After March 31, 2007, the Trust intends to make decisions regarding the distribution of Trust property.  Because such decisions may permanently impact the ownership status of Trust property, the Trust desires to be fully informed of all relevant facts in making such decisions.  Accordingly, the Trust desires input from any and all interested parties with respect to distributions of Trust property.  *If you have any information relevant to the distribution of Trust property, you are requested to make it known to the Trust in writing by March 31, 2007.*

3

. . .

> If you have any interest or desire with respect to any specific item of Trust property you must make it known to the Trust by submitting a completed form *Petition for Benefits* prior to the expiration of the deadline. Alternatively, if you do not wish to submit a *Petition for Benefits*, but you nevertheless wish to provide input with respect to the use or distribution of Trust property, you are requested to provide such input to the Trust in writing on or before March 31, 2007.

Notice, at p. 2 (emphasis in original).

11.    The Notice concluded as follows:

> If you do not provide input in a timely manner (whether through a *Petition for Benefits* or otherwise), Trust property may be distributed by the Trust without the benefit of your input.

*Id.*

12.    Since the distribution of the Notice and form *Petition for Benefits*, the Trust has received approximately 450 petitions from members of the beneficiary class – seeking various different types of benefits from the Trust with respect to numerous different portions of the Trust's property. Such petitions include requests for the interim use of Trust property and requests for the outright distribution of deeds to specific residences on Trust property.

13.    The *Petitions for Benefits* received by the Trust have been reviewed and considered by the Trust's Housing Committee,[1] which has made recommendations to the Fiduciary with respect to such petitions.

14.    In reviewing the petitions received, the Fiduciary has instructed the Housing Committee to consider the factors set forth in Section 6.4 of the Reformed Trust Declaration, and to give such factors such weight as they deem appropriate.

---

[1] Prior to December 17, 2014, the members of the Housing Committee were: Don Timpson, Margaret Cooke, Katie Cox, Deloy Bateman, and Janice Knudson. Since December 17, 2014, Gregory Barlow and Arnold Richter have also participated in the Housing Committee discussion.

4

15.     Until recently, the Trust has not been in a position to distribute outright ownership of the residences/lots because the Trust's real property has not been subdivided. With the recent successful subdivision of the Trust's real property in Hildale, however, the Trust is now in a position to distribute real property deeds to members of the beneficiary class.

16.     Members of the Trust's Advisory Board and Housing Committee, and other members of the Trust's beneficiary class, have urged the Fiduciary to quickly begin distributing ownership of residences/lots to members of the beneficiary class. Such persons have indicated that they believe that the distribution of property may have a positive effect upon other members of the beneficiary class who, to date, have been unwilling to communicate or cooperate with the Fiduciary. They have characterized the distribution of property as a "carrot" which may entice beneficiaries to come to the table and work with the Fiduciary, as opposed to the "stick" of legal evictions, which may harden beneficiaries in their opposition to the Trust.

17.     On September 4, 2014, the Fiduciary filed and served his first motion to approve distribution of trust property ("First Motion"). On October 11, 2014, the First Motion was granted and 11 properties have been distributed and others described in the First Motion are currently in the process of being distributed.

18.     The Housing Committee has recently recommended to the Fiduciary that the Trust now distribute ownership of certain additional parcels of the Trust's real property in Hildale to 11 different petitioners each of whom have filed a *Petition for Benefits* seeking ownership of such properties.

19.     A list of the 11 petitioners, and a description of the property proposed to be distributed to each petitioner, is set forth on Exhibit "A" attached hereto.

20.   The Fiduciary understands that the Housing Committee considered the factors set forth in the Reformed Trust Declaration in making recommendations to distribute additional Trust property.   In some cases, the Housing Committee considered off-setting value for improvements made on a separate specifically identified property.

21.   The Fiduciary is informed that the vote of the Housing Committee has been unanimous with respect to the recommendations for the distributions of the properties listed on Exhibit "A".

22.  Having reviewed the relevant petitions, and having consulted with members of the Housing Committee, the Fiduciary is inclined to accept the recommendations of the Housing Committee with respect to these 11 petitions, subject to the input and approval of the Court.

23.  In consultation with the Advisory Board, the Fiduciary has determined that the Trust will require the following payments from each petitioner as a condition of transfer:

A.   Payment of all past-due occupancy fees for the residence owing from January 1, 2008 through the date of transfer;

B.   Payment of all costs with respect to the transfer of the property, including any and all closing and escrow costs, recording fees, title insurance fees, etc.; and

C.   Payment of $0.15 per square foot of real property transferred (a rate of $6,534 per acre).[2]

---

[2] The land transfer payment amount of $0.15 per square foot was chosen for several reasons.  It was deemed appropriate to charge by the size of the lot, so that petitioners receiving larger lots would pay more than those receiving smaller lots. It is believed that the payment amount is sufficiently large to address the Trust's financial needs – considering the amount of the Trust's debts and anticipated future revenues and expenses.  At the same time, the payment amount is not so large as to work an undue burden on the petitioners.  (The payment amount is lower than the actual fair market value of the land, which is believed to be between $0.20 and $0.25 per square foot).

24.     In addition, the Fiduciary anticipates that the property transfers will be governed by the following terms and conditions:

A.     The Trust will require that each petitioner execute a release of claims against the Trust as a condition of transfer;

B.     The Trust will require title insurance to be purchased by the recipients in connection with the transfers in the amount of the total consideration being paid therefore; and

C.     The Trust will not cure any outstanding property tax obligation which may be owing on the property, but the recipients of the transfers will acknowledge that they are liable for any and all unpaid property taxes.

25.     It is anticipated that the Trust will require these same (or similar) payments, terms, and conditions in connection with future distributions of Trust property, unless the circumstances dictate otherwise.[3]

26.     It is anticipated that the transfer of ownership of the designated properties shall be by special warranty deed to the recipient(s) designated by the named petitioner.

27.     As a courtesy, the Fiduciary intends to provide notice of the present Motion (including notice of the intent to distribute Trust property to the 11 petitioners) to members of the Trust's beneficiary class.

28.     Although the Fiduciary believes that members of the beneficiary class were given ample notice and opportunity to be heard on these matters in 2006 and 2007, the Fiduciary nevertheless welcomes any and all relevant information and input as to the proposed distributions.  Because the proposed distributions will permanently affect the ownership of the

---

[3] For example, in future distributions, it is anticipated that the Trust may require some additional payment which may be tied to the value of the improvements on the property.  Such payment is generally not required with respect to the 11 petitions at issue in the present Motion.

7

subject properties, the Fiduciary wants to give any interested persons one final opportunity to be heard before ownership is irrevocably transferred to the petitioners.

29.     It is anticipated that the Notice will be posted on each of the properties scheduled for distribution, as well as in other prominent locations in Hildale and Colorado City. It is also anticipated that the Notice will be posted on the Trust's website.

30.     It is anticipated that the Notice will: (a) identify each parcel of property proposed for distribution; (b) identify the name of the petitioners who are proposed to receive the property distributions; and (c) invite all interested persons to be heard with respect to the proposed distributions.

31.     The Fiduciary and members of the Trust's Housing Committee will be available to answer any questions the Court may have with respect to its recommendations to the Fiduciary.

## CONCLUSION

Based upon the above-stated facts, the Fiduciary hereby recommends that the Court approve the Trust's distribution of special warranty deeds for the properties listed on Exhibit "A" hereto to the petitioners listed on Exhibit "A" hereto, according to the terms set forth above, or as modified by the Court.

The Fiduciary further invites any input and suggestions from the parties, any interested persons, and the Court with respect to such recommendations.

8

## **CONCLUSION**

For the above-stated reasons, the Fiduciary hereby requests that this Motion to Approve

Second Distribution of Trust Property be granted.

DATED: January 14th, 2015.

CALLISTER NEBEKER & McCULLOUGH

/s/ Jeffrey L. Shields
Jeffrey L. Shields
Attorneys for the Fiduciary

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **SPECIAL FIDUCIARY'S MOTION TO APPROVE SECOND DISTRIBUTION OF TRUST PROPERTY** was served via the Court's electronic filing notification system to e-filers as indicated on the Court Service List Report and via United States Mail, first class postage prepaid, as indicated below, on this 14th day of January 2015, to the following:

Sandra R. Kane
Brad Kevin Keogh
Arizona Attorney General's Office
1275 West Washington Street
Phoenix, AZ  85007

Albert Council
1527 10th Ave. W. #20
Dickinson, ND  58601

George Hammon
P O Box 344
Colorado City, AZ  86021

Michael D. Cooke
1788 S. Canyon Drive
Apple Valley, UT  84737

Claude Seth Cooke
HC 65, Box 490
Cane Beds, AZ  86022

Colleen Cooke
P O box 840156
Hildale, UT  84784

Samuel Wayne Jessop
P O Box 373
Bonners Ferry, ID  83805

10

John N. Cook
P O Box 1076
Centennial Park, AZ  86021

Arthur Blackmore, Jr.
741 San Gabriel Loop
New Brunsfield, TX  78172

Arthur R. Blackmore
P O Box 700
Colorado City, AZ  86021

Justin Cooke
PO Box 2272
Colorado City, Arizona 86021

Curtis Cooke
PO Box 2272
Colorado City, Arizona 86021


/s/   Jeffrey L. Shields

4835-7514-5761.1

11

**Exhibit "A"**

**Schedule of Second Proposed Distribution of Property**
**In Hildale, Utah**

| | Petitioner(s) | Street Address of Property | Legal Description |
|---|---|---|---|
| **Houses** | | | |
| 1 | Albert Council | 365 E Jessop | HD-SHCR-9-2 |
| 2 | George Hammon | 140 E Jessop | HD-SHCR-11-2 |
| 3 | Mike Cooke | 860 N Redwood | HD-SHCR-4-32 |
| 4 | Seth Cooke | 450 E Utah | HD-SHCR-9-28 |
| 5 | Colleen Cooke | 440 E Jessop | HD-SHCR-10-7 |
| 6 | Wayne Jessop | 645 N Willow | HD-SHCR-1-42 |
| **Vacant Lots** | | | |
| 7 | John Cook | 960 N Elm | HD-SHCR-3-16 |
| 8 | Arthur Blackmore Jr | 965 N Juniper | HD-SHCR-4-10 |
| 9 | Arthur Blackmore Sr | 985 N Redwood | HD-SHCR-4-9 |
| 10 | Justin Cooke | 885 N. Juniper | HD-SHCR-3-26 |
| 11 | Curtis Cooke | 1245 N. Canyon | HD-SHCR-12-8 |

CALLISTER NEBEKER & McCULLOUGH
JEFFREY L. SHIELDS (2947) *jlshields@cnmlaw.com*
ZACHARY T. SHIELDS (6031) *zachshields@cnmlaw.com*
MICHAEL D. STANGER (10406) *mstanger@cnmlaw.com*
Zions Bank Building Suite 900
10 East South Temple
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127

Attorneys for Bruce R. Wisan, as the Court-Appointed Special
Fiduciary of the United Effort Plan Trust

### IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

### STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE UNITED EFFORT PLAN TRUST, (Dated November 9, 1942, Amended April 10, 1946, and Amended and Restated on November 3, 1998); and its, TRUSTEES, including known trustees TRUMAN BARLOW, WARREN JEFFS, LEROY JEFFS, WINSTON BLACKMORE, JAMES ZITTING and WILLIAM E. JESSOP a/k/a WILLIAM E. TIMPSON and DOE TRUSTEES 1 THROUGH IX. | **ORDER GRANTING SPECIAL FIDUCIARY'S MOTION TO APPROVE SECOND DISTRIBUTION OF TRUST PROPERTY**<br><br>Civil No. 053900848<br><br>Judge: Denise P. Lindberg |

Before the Court is the Special Fiduciary's Motion to Approve Second Distribution of

Trust Property, dated January 14, 2015 (the "Motion") filed by Bruce R. Wisan, the Court-

Appointed Special Fiduciary of the United Effort Plan Trust (the "Fiduciary"). Having reviewed

the Motion, having received no opposition to the Motion, being fully apprised, and for good

cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Fiduciary is hereby authorized to distribute the Trust's real property described in the below chart in accordance with the terms of the Motion:

### Schedule of Second Proposed Distribution of Property
### In Hildale, Utah

| | Petitioner(s) | Street Address of Property | Legal Description |
|---|---|---|---|
| **Houses** | | | |
| 1 | Albert Council | 365 E Jessop | HD-SHCR-9-2 |
| 2 | George Hammon | 140 E Jessop | HD-SHCR-11-2 |
| 3 | Mike Cooke | 860 N Redwood | HD-SHCR-4-32 |
| 4 | Seth Cooke | 450 E Utah | HD-SHCR-9-28 |
| 5 | Colleen Cooke | 440 E Jessop | HD-SHCR-10-7 |
| 6 | Wayne Jessop | 645 N Willow | HD-SHCR-1-42 |
| **Vacant Lots** | | | |
| 7 | John Cook | 960 N Elm | HD-SHCR-3-16 |
| ~~8~~ | ~~Arthur Blackmore Jr~~ | ~~965 N Juniper~~ | ~~HD-SHCR-4-10~~ |
| ~~9~~ | ~~Arthur Blackmore Sr~~ | ~~985 N Redwood~~ | ~~HD-SHCR-4-9~~ |
| 10 | Justin Cooke | 885 N. Juniper | HD-SHCR-3-26 |
| 11 | Curtis Cooke | 1245 N. Canyon | HD-SHCR-12-8 |

Property numbers 8 and 9 have been withdrawn from the Motion and will be considered for distribution in the future.

***** END OF ORDER *****

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2015, a true and correct copy of the

foregoing **[proposed] ORDER GRANTING SPECIAL FIDUCIARY'S MOTION TO**

**APPROVE SECOND DISTRIBUTION OF TRUST PROPERTY** was served via the Court's

electronic filing notification system to e-filers as indicated on the Court Service List Report and

via United States Mail, first class postage prepaid, as indicated below:

> Sandra R. Kane
> Brad Kevin Keogh
> Arizona Attorney General's Office
> 1275 West Washington Street
> Phoenix, AZ  85007

/s/ Jeffrey L. Shields

4817-3427-1521.1

CALLISTER NEBEKER & McCULLOUGH
JEFFREY L. SHIELDS (2947) *jlshields@cnmlaw.com*
T. RICHARD DAVIS (0836) *trdavis@cnmlaw.com*
Zions Bank Building, Suite 900
10 East South Temple
Salt Lake City, Utah 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127

Attorneys for Bruce R. Wisan, as the Court-Appointed Special
Fiduciary of the United Effort Plan Trust

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE UNITED EFFORT PLAN TRUST, (Dated November 9, 1942, Amended April 10, 1946, and Amended and Restated on November 3, 1998); and its, TRUSTEES, including known trustees TRUMAN BARLOW, WARREN JEFFS, LEROY JEFFS, WINSTON BLACKMORE, JAMES ZITTING and WILLIAM E. JESSOP a/k/a WILLIAM E. TIMPSON and DOE TRUSTEES I THROUGH IX. | **UNITED EFFORT PLAN TRUST'S MOTION TO APPROVE THIRD DISTRIBUTION OF TRUST PROPERTY**<br><br>Civil No. 053900848<br><br>Judge: Denise P. Lindberg |

The United Effort Plan Trust, through the Court-Appointed permanent Board of Trustees

("Board"), through counsel, hereby moves the Court to approve a third distribution of certain

portions of Trust property consisting of 23 residences to petitioning members of the Trust's

beneficiary class, as follows:

## BACKGROUND FACTS

1.      The Court in this Probate Action reformed the United Effort Plan Trust (the

"Trust") pursuant to the entry of the Reformed Declaration of Trust of the United Effort Plan

Trust Dated October 25, 2006 (the "Reformed Trust Declaration").

2.      The Reformed Trust Declaration provides that property of the Trust may be

distributed to members of the Trust's beneficiary class as deemed advisable by the Board:

> The Board may from time to time distribute Trust Property as they deem advisable to individual Trust Participants, or all of them, in accordance with the Trust's overall purpose as set forth herein.  Such distributions may be made to or for the benefit of the Trust Participants by any means deemed appropriate by the Board, including transfers by deed or in trust or by other appropriate instrument or means. . . .

Reformed Trust Declaration, at Section 6.1.

3.      The Reformed Trust Declaration provides that members of the Trust's beneficiary

class may request benefits from the Trust by submitting written petitions to the Trust:

> Mechanism for Trust Participants to Petition for Benefits.  Any Trust Participant may make a request for benefits from the Trust by filing with the Board (or its authorized representative), a written petition setting forth the benefits desired and the facts and circumstances supporting such petition.  Neither the filing of a petition nor the failure of the Board to respond to a petition shall entitle a Trust Participant to any benefit from the Trust.  The Board may respond to the petition at such time, if ever, and in such manner as the Board in its sole discretion determines.

*Id.* at Section 6.3.

4.      Shortly after entry of the Reformed Trust Declaration: (a) A process was

established to enable members of the Trust's beneficiary class to petition for benefits from the

Trust; and (b) A form *Petition for Benefits* was prepared to allow Trust Participants to provide

information regarding their requested benefits in a uniform manner ("Petition").

2

5.      In December 2006, the Trust distributed copies of the form Petition by mail to every post-office box in Hildale and Colorado City, and by hand-delivery to every residence on Trust property in British Columbia, Canada.

6.      The Trust also distributed a NOTICE REGARDING THE UNITED EFFORT PLAN TRUST (the "Notice") to provide information regarding the petition process to the members of the beneficiary class.

7.      The Notice was served by mail to every post-office box in Hildale and Colorado City, and by hand-delivery to every residence on Trust property in British Columbia, Canada. It was also published in local newspapers in the areas where Trust Participants were believed to reside: St. George, Utah; Eldorado, Texas; Durango, Colorado; and Custer, South Dakota.

8.      The Notice provided information regarding reformation of the Trust and the process for petitioning for benefits from the Trust.

9.      The Notice further informed the beneficiary class that the Trust, through its then authorized Fiduciary, Bruce R. Wisan ("Fiduciary"), intended to make decisions regarding the distributions of Trust property which may permanently impact the ownership status of Trust property. It invited Trust Participants to submit Petitions for any property in which they had an interest. It further requested Trust Participants to communicate with the Trust to provide any information they may have regarding the distributions of Trust property. Specifically, the Notice provided:

> After March 31, 2007, the Trust intends to make decisions regarding the distribution of Trust property. Because such decisions may permanently impact the ownership status of Trust property, the Trust desires to be fully informed of all relevant facts in making such decisions. Accordingly, the Trust desires input from any and all interested parties with respect to distributions of Trust property. *If you have any information relevant to the*

3

*distribution of Trust property, you are requested to make it known to the Trust in writing by March 31, 2007.*

Notice, at p. 2 (emphasis in original)

    10.    The Notice concluded as follows:

If you do not provide input in a timely manner (whether through a *Petition for Benefits* or otherwise), Trust property may be distributed by the Trust without the benefit of your input.

*Id.*

    11.    Since the distribution of the Notice and form Petition, the Trust has received hundreds of Petitions from members of the beneficiary class-seeking various different types of benefits from the Trust with respect to numerous different portions of the Trust's property. Such Petitions include requests for the interim use of Trust property and requests for the outright distribution of deeds to specific residences on Trust property.

    12.    On September 4, 2014, the Trust, by and thought the Fiduciary, filed and served the first motion to approve distribution of trust property ("First Motion"). On October 11, 2014, the First Motion was granted and properties are currently in the process of being distributed.

    13.    In December 2014, the Court appointed a permanent five (5) member Board of Trustees ("Board"), and empowered the Board effective on the first meeting of the Board in February 2015, subject to Court approval, to make decisions regarding the distribution of Trust property.

    14.    On January 14, 2015, the Trust, by and through the Fiduciary, filed and served a second motion to approve distribution of trust property ("Second Motion"). On April 14, 2015,

the Second Motion was granted and additional properties are currently in the process of being distributed.

15.     Various Petitions received by the Trust have been reviewed and considered by the Board. The Board met in duly scheduled meetings in February, March, April, and May 2015 and is now recommending that the Court authorize the distribution of ownership of 23 residential parcels of the Trust's real property located in Hildale to 23 different petitioners each of whom have filed a Petition seeking ownership of such properties.

16.     A list of the 23 proposed distributees, the Board vote, a description of the properties proposed to be distributed to each petitioner, and the terms of such distribution is set forth on Exhibit "A" attached hereto and incorporated herein by reference.

17.     The Board carefully considered all of the factors set forth in the Reformed Declaration of Trust in making recommendation to distribute additional Trust property. In some cases, the Board considered value for improvements contributed by a petitioner on a separate specifically identified Trust property.

18.     After significant discussion and deliberation, the Board settled on the following process to determine if a Petition for deed to a particular residential property is appropriate, and if so, what percent of the improvement value the petitioner should pay to the Trust:

      (a)     First, the Board will consider only a written Petition to initiate the process for obtaining a deed to a particular residence.

      (b)     Second, the petitioner is allowed a 20 minute interview with the entire Board which is conducted during a regularly scheduled Board meeting (usually the first Saturday of each month). Each Board member reviews

the Petitions in advance, and comes to the Board meeting prepared to ask

follow-up questions for background and clarification of the written

Petition.

(c)     Third, on the Monday following the Saturday Board meeting, the Board

holds a confidential meeting to openly and vigorously discuss each

Petition.  The Board recognizes that each individual Trustee places

differing weight on different factors, but the Board generally tries to reach

a consensus.[1]  In reaching a decision, the Board also considers the

petitioner's significant contributions to the construction and maintenance

of the residence requested in the Petition.  In such discussions, the Board

consistently considers the factors articulated in §6.4 of the Reformed Trust

Declaration.[2]  The Board members then use their life experiences, good

judgment, and common sense to end the discussion with a formal vote.

(d)     Fourth, if a majority of the Board votes to grant the Petition and distribute

property, the Board then determines a specific cost to the petitioner.  At a

minimum, the cost to the petitioner has been set at $0.15 (fifteen cents) per

square foot of real estate.  After considering all of the factors and after a

---

[1] The Board is fully aware that the Reformed Trust Declaration specifies that the act of *majority* of the Trustees shall be the act of the Board (emphasis added)(at p. 8, §5.1.8(c)).  Although many decisions are unanimous, a 3-2 vote or 4-1 vote is just as effective and binding as a 5-0 vote.  For example, the vote on Joan Barlow's petition was 3-2. Joan Barlow is the wife of Jethro Barlow who is employed as a consultant by the Fiduciary.  Jethro Barlow received a distribution approved by the Court in the First Motion.  Joan Barlow filed her own separate Petition, for Trust property in which Joan Barlow has resided independently for 10 years.  The vigorous debate that resulted in a 3-2 decision was healthy and informative.  The Board is not acting as a rubber stamp.
[2] To date, the Board has not received any recommendations from an authorized representative of the FLDS church as allowed in §6.4.9 of the Reformed Trust Declaration.

full discussion, the Board then also determines what percent of the improvements on the property (based on the tax assessed value) will be distributed (without any payment to the Trust) and what percent will be purchased via cash payments to the Trust.

19.    The votes of the Board have been unanimous[3] with respect to all but two (2) petitioners for the properties listed on Exhibit "A".

20.    In consultation with the Fiduciary, the Board has determined that the Trust will continue to require the following payments from each petitioner as a condition of transfer:

   (a)    Payment of all past-due occupancy fees for the residence owing from January 1, 2008 through the date of transfer;
   (b)    Payment of all costs with respect to the transfer of the property, including any and all closing and escrow costs, recording fees, title insurance fees, etc.; and
   (c)    Payment of $6,534 per acre of real property transferred (a rate of approximately $0.15 per square foot).[4]

21.    In addition, the Board anticipates that the property transfers will be governed by the following terms and conditions:

   (a)    The Trust will require that each petitioner execute a release of claims against the Trust as a condition of transfer;
   (b)    The Trust will require title insurance to be purchased by the recipients in connection with the transfers in the amount of the total consideration being paid therefore; and
   (c)    The Trust will not cure any outstanding property tax obligation which may be owing on the property, but the recipients of the transfers will acknowledge that they are liable for any and all unpaid property taxes.

---

[3] Most votes are 5-0. Several votes are 4-0 because one of the Board members abstained
[4] The land transfer payment amount of $6,534 per acre was chosen for several reasons. It was deemed appropriate to charge by the size of the lot, so that petitioners receiving larger lots would pay more than those receiving smaller lots. It is believed that the payment amount is sufficiently large to address the Trust's financial needs-considering the amount of the Trust's debts and anticipated future revenues and expenses. At the same time, the payment amount is not so large as to work an undue burden on the petitioners. (The payment amount is lower than the actual fair market value of the land, which is believed to be approximately $7,500 per acre).

22.     It is anticipated that the Trust will require these same (or similar) payments, terms, and conditions in connection with future distributions of Trust property, unless the circumstances dictate otherwise.

23.     It is also anticipated that the transfer of ownership of the designated properties shall be by special warranty deed to the recipient(s) designated by the named petitioner.

24.     As a courtesy, the Trust intends to provide additional notice of the present Motion to members of the Trust's beneficiary class ("Additional Notice").

25.     Although the Trust believes that members of the beneficiary class were given ample notice and opportunity to be heard on these matters pursuant to the Notice provided in 2006 and 2007, the Trust nevertheless welcomes and believes the Court will also welcome any and all relevant information and input as to the proposed distributions.  Because the proposed distributions will permanently affect the ownership of the subject properties, the Board wants to give any interested persons one final opportunity to be heard before ownership is irrevocably transferred to petitioners.

26.     It is anticipated that the Additional Notice will be posted on each of the properties scheduled for distribution, as well as in other prominent locations in Hildale and Colorado City. It is also anticipated that the Additional Notice will be posted on the Trust's website.

27.     It is anticipated that the Additional Notice will: (a) identify each parcel of property proposed for distribution; (b) identify the name of the petitioners who are proposed to receive the property and terms of the distributions; and (c) invite all interested persons to be heard with respect to the proposed distributions.

28.    The Trust's counsel and members of the Board will be available to answer any questions the Court may have with respect to its recommendations in this Motion to Approve the Third Distribution of Trust Property.

## CONCLUSION

Based upon the above-stated facts, the Trust hereby recommends that the Court approve the Board's proposed distribution of special warranty deeds according to the terms set forth for the properties and to the petitioners listed on Exhibit "A", or as otherwise modified by the Court.

The Trust further invites any input and suggestions from the parties, any interested persons, and the Court with respect to such recommendations.

For the above stated reasons, the Fiduciary hereby requests that this Motion to Approve Third Distribution of Trust Property be granted.

DATED: May 29, 2015

CALLISTER NEBEKER & McCULLOUGH

/s/ Jeffrey L. Shields
Jeffrey L. Shields
Attorney for Bruce R. Wisan, as the Court-
Appointed Special Fiduciary of the United Effort
Plan Trust

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **UNITED EFFORT PLAN**

**TRUST'S MOTION TO APPROVE THIRD DISTRIBUTION OF TRUST PROPERTY**

was served via the Court's electronic filing notification system to e-filers as indicated on the

Court Service List Report and via U.S. Mail, on this 29th day of May 2015, to the following:

| | | |
|---|---|---|
| Sandra R. Kane,<br>sandra.kane@azag.gov<br>Arizona Attorney General's Office<br>1275 West Washington Street<br>Phoenix, AZ  84007 | Joe C. Jessop<br>P.O. Box 840098<br>Hildale, UT  84784 | Ray Jessop Jr.<br>P.O. Box 840422<br>Hildale, UT  84784 |
| Jayson & Daisy Cooke<br>P.O. Box 842003<br>Hildale, UT  84784 | David Musser<br>P.O. Box 840147<br>Hildale, UT  84784 | Lewis Burnham<br>P.O. Box 842771<br>Hildale, UT  84784 |
| Peter Barlow<br>1406 Saiz Rd, #3A<br>Bloomfield, NM 87413 | Jvar Duston<br>P.O. Box 840425<br>Hildale, UT  84784 | Merril Barlow<br>P.O. Box 176<br>Colorado City, AZ 86021 |
| John Williams<br>233 South Mill St.<br>Virgin, UT 84779 | Dowayne Barlow<br>11897 S. 3250 W.<br>Riverton, UT  84065 | Rick White<br>3754 Tuscaloosa Way,<br>West Jordan, Utah 84084 |
| Dell Timpson<br>P.O. Box 840662<br>Hildale, UT  84784 | Samantha Cooke<br>72 West 1125 North,<br>Hurricane, UT  84737 | Joan Barlow<br>P.O. Box 841004<br>Hildale, UT  84784 |
| Thomas Williams<br>P.O. Box 89<br>Stockton, MO  65785 | Chris Wyler<br>P.O. Box 841601<br>Hildale, UT  84784 | Alvin Barlow<br>P.O. Box 840328<br>Hildale, UT  84784 |
| Tracy Barlow<br>174 North 200 East<br>Fairview, UT  84629 | Clinton Barlow<br>P.O. Box 842326<br>Hildale, UT  84784 | Jacob Black<br>P.O. Box 841781<br>Hildale, UT  84784 |
| Jeff Barlow<br>P.O. Box 3100<br>Colorado City, AZ 86021 | Thomas Jessop Jr.<br>P.O. Box 840113<br>Hildale, UT  84784 | Shauna Holm<br>P.O. Box 840403<br>Hildale, UT  84784 |

Merril D. Barlow
P.O. Box 1434,
Colorado City, AZ  86021


                                        /s/ Jeffrey L. Shields

        4842-1432-2212

# Exhibit A

## United Effort Plan Trust
### Board Distribution Decisions (February - May 2015)

| No. | Petitioner/Distributee (Board Vote)[1] | Address | County Assessed Improvement Value | Improvement Value to be Paid by Distributee (% of Column C) | Legal Description (HD-SHCR)(Acres) | Land Price[2] | Unpaid Occupancy Fees | Total Price[3] Paid by Distributee |
|---|---|---|---|---|---|---|---|---|
| 1 | Ray Jessop Jr. (5-0) | 680 W. Field Ave | $185,521 | $0 0% | 1-6 (.80) | $5,227 | $5,464 | $10,691 |
| 2 | Jayson & Daisy Cooke (5-0) | 785 N Homestead St | $67,285 | $20,186 0% | 1-10 (.85) | $5,554 | $500 | $26,239 |
| 3 | Lewis Burnham (5-0) | 425 W. Utah Ave | $100,600 | $60,360 60% | 1-20 (.85) | $5,554 | $0 | $65,914 |
| 4 | Peter Barlow (5-0) | 645 N Richard St | $44,293 | $0 0% | 1-27 (.94) | $6,142 | $0 | $6,142 |
| 5 | Chris Wyler (5-0) | 625 N Richard St | $119,187 | $17,878 15% | 1-28 (.94) | $6,142 | $5,400 | $29,420 |
| 6 | Dowayne Barlow (5-0) | 820 N Maple St | $134,198 | $0 0% | 3-38 (1.00) | $6,534 | $0 | $6,534 |
| 7 | Dell Timpson (5-0) | 740 N Richard St | $99,600 | $0 0% | 6-6 (2.168) | $14,166 | $6,100 | $20,266 |
| 8 | Thomas Williams (5-0) | 780 N Lauritzen St | $170,008 | $12,751 7.50% | 6-7 (.727) | $4,750 | $0 | $17,501 |

[1] If the total numerical votes are less than 5, a certain board member abstained. All 5 board members carefully considered all 23 petitions.

[2] Calculated by multiplying the number of acres (Column F) by $6,534/acre.

[3] Calculated by adding Columns D, F, and G.

| No. | Petitioner/Distributee (Board Vote)[1] | Address | County Assessed Improvement Value | Improvement Value to be Paid by Distributee (% of Column C) | Legal Description (HD-SHCR)(Acres) | Land Price[2] | Unpaid Occupancy Fees | Total Price[3] Paid by Distributee |
|---|---|---|---|---|---|---|---|---|
| 9 | Merril Barlow (5-0) | 165 W. Utah Ave | $38,928 | $11,678 30% | 6-17 (.974) | $6,364 | $7,514 | $25,556 |
| 10 | Rick White* (4-0) | 655 N Lauritzen St | $105,498 | $84,398 80% | 6-27 (.719) | $4,698 | $0 | $89,096 |
| 11 | Joan Barlow (3-2) | 635 N. Lauritzen St | $94,493 | $28,348 30% | 6-28 (.763) | $4,985 | $700 | $34,033 |
| 12 | Samantha Cooke (5-0) | 720 W Utah Ave | $126,656 | $0 0% | 7-3 (.83) | $5,423 | $0 | $5,423 |
| 13 | Jvar Duston (5-0) | 45 W Utah Ave | $163,611 | $24,542 15% | 7-6 (.59) | $3,855 | $6,400 | $34,797 |
| 14 | Joe C. Jessop (5-0) | 25 E Utah Ave | $98,250 | $0 0% | 7-9 (1.45) | $9,474 | $6,500 | $15,974 |
| 15 | Alvin Barlow (5-0) | 680 N. Central St | $259,777 | $0 0% | 7-14 (1.42) | $9,278 | $7,064 | $16,342 |
| 16 | Tracy Barlow (4-1) | 745 N. Hildale St | $3,209 | $963 30% | 8-4 (.99) | $6,469 | $1,859 | $9,291 |

*Don Timpson abstained.

| No. | Petitioner/Distributee (Board Vote)[1] | Address | County Assessed Improvement Value | Improvement Value to be Paid by Distributee (% of Column C) | Legal Description (HD-SHCR)(Acres) | Land Price[2] | Unpaid Occupancy Fees | Total Price[3] Paid by Distributee |
|---|---|---|---|---|---|---|---|---|
| 17 | Clinton Barlow (5-0) | 320 E. Field Ave | $59,507 | $17,852 30% | 8-14 (.53) | $3,463 | $400 | $21,715 |
| 18 | Jacob Black (5-0) | 960 N. Memorial St | $100,338 | $30,101 30% | 9-9 (.92) | $6,011 | $7,875 | $43,988 |
| 19 | Jeff Barlow (5-0) | 365 E. Newel Ave | $135,363 | $108,290 80% | 9-29 (1.32) | $8,625 | $100 | $117,015 |
| 20 | David Musser (5-0) | 820 N Hildale St | $110,700 | $16,605 15% | 9-34 (1.03) | $6,730 | $100 | $23,435 |
| 21 | Thomas Jessop Jr. (5-0) | 420 E. Jessop Ave | $39,796 | $23,878 60% | 10-6 (.92) | $6,011 | $100 | $29,989 |
| 22 | John Williams (5-0) | 560 E Williams Ave | $134,198 | $0 0% | 10-16 (.82) | $5,358 | $0 | $5,358 |
| 23 | Shauna Holm* (4-0) | 1230 N. Canyon St | $70,326 | $0 0% | 12-5 (1.63) | $10,650 | $0 | $10,650 |
| | TOTAL | | $2,461,342.00 | $457,833.72 | | $151,464.66 | $56,075.51 | $665,369.07 |

*Greg Barlow abstained.

The Order of Court is stated below:
Dated:   August 09, 2015          /s/  Denise P. Lindberg
             12:02:02 PM                     District Court Judge

CALLISTER NEBEKER & McCULLOUGH
JEFFREY L. SHIELDS (2947) *jlshields@cnmlaw.com*
ZACHARY T. SHIELDS (6031) *zachshields@cnmlaw.com*
MICHAEL D. STANGER (10406) *mstanger@cnmlaw.com*
Zions Bank Building Suite 900
10 East South Temple
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127

Attorneys for Bruce R. Wisan, as the Court-Appointed
Special Fiduciary of the United Effort Plan Trust

### IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

### STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE UNITED EFFORT PLAN TRUST, (Dated November 9, 1942, Amended April 10, 1946, and Amended and Restated on November 3, 1998); and its, TRUSTEES, including known trustees TRUMAN BARLOW, WARREN JEFFS, LEROY JEFFS, WINSTON BLACKMORE, JAMES ZITTING and WILLIAM E. JESSOP a/k/a WILLIAM E. TIMPSON and DOE TRUSTEES 1 THROUGH IX. | **ORDER GRANTING IN PART and DEFERRING IN PART the Motion to Approve THIRD Distribution of Trust Property**<br><br>Civil No. 053900848<br><br>Judge: Denise P. Lindberg |

Before the Court is the United Effort Plan Trust's Motion to Approve Third Distribution of

Trust Property, dated May 29, 2015 (the "Motion") filed by the Court-Appointed permanent Board

of Trustees (the "Board") of the United Effort Plan Trust ("Trust"). Having reviewed the Motion,

having received no opposition to the Motion, being fully apprised, and for good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted <u>except</u> as noted below.  The Court has stricken the proposed

distribution to Joan Barlow. The Court does not deny outright this recommendation, but rather, reserves action in this case for further consideration at a later time. The Court has discussed with the Board its reasons for deferral, and the Board unanimously agreed with the Court's decision to defer action for the present. In doing so, the Court is mindful that this petitioner is already residing on Trust property pursuant to an occupancy agreement. Therefore, her living situation will not be altered by deferring action for a time. In the meantime, it would be helpful to the Court to have the Board clarify whether this participant's contribution (as determined by the Board) was primarily evaluated on the basis of her contributions to the community or to the Trust.

    2. The Trust is hereby authorized to distribute the Trust's real property described in the below chart in accordance with the terms of the Motion:

| | Petitioner(s) | Street Address/Legal Description of Property (HC-SHCR) |
|---|---|---|
| 1 | Ray Jessop Jr. | 680 W. Field Ave/(1-6) |
| 2 | Jayson & Daisy Cooke | 785 N Homestead St/(1-10) |
| 3 | Lewis Burnham | 425 W. Utah Ave/(1-20) |
| 4 | Peter Barlow | 645 N Richard St/(1-27) |
| 5 | Chris Wyler | 625 N Richard St/(1-28) |
| 6 | Dowayne Barlow | 820 N Maple St/(3-38) |
| 7 | Dell Timpson | 740 N Richard St/(6-6) |
| 8 | Thomas Williams | 780 N Lauritzen St/(6-7) |
| 9 | Merril Barlow | 165 W. Utah Ave/(6-17) |
| 10 | Rick White | 655 N Lauritzen St/(6-27) |
| 11 | ~~Joan Barlow~~ | 635 N. Lauritzen St/(6-28) |

| 12 | Samantha Cooke | 720 W Utah Ave/(7-3) |
| 13 | JVar Duston | 45 W Utah Ave/(7-6) |
| 14 | Joe C. Jessop | 25 E Utah Ave/(7-9) |
| 15 | Alvin Barlow | 680 N. Central St/(7-14) |
| 16 | Tracy Barlow | 745 N. Hildale St/(8-4) |
| 17 | Clinton Barlow | 320 E. Field Ave/(8-14) |
| 18 | Jacob Black | 960 N. Memorial St/(9-9) |
| 19 | Jeff Barlow | 365 E. Newel Ave/(9-29) |
| 20 | David Musser | 820 N Hildale St/(9-34) |
| 21 | Thomas Jessop Jr. | 420 E. Jessop Ave/(10-6) |
| 22 | John Williams | 560 E Williams Ave/(10-16) |
| 23 | Shauna Holm | 1230 N. Canyon St/(12-5) |

***** END OF ORDER *****

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2015, a true and correct copy of the foregoing

**[proposed] ORDER GRANTING Motion to Approve THIRD Distribution of Trust Property**

was served via the Court's electronic filing notification system to e-filers as indicated on the Court

Service List Report and via email, as indicated below:

> Sandra R. Kane, sandra.kane@azag.gov
> Arizona Attorney General's Office
> 1275 West Washington Street
> Phoenix, AZ 85007

/s/ Jeffrey L. Shields

4843-9060-5349

CALLISTER NEBEKER & McCULLOUGH
JEFFREY L. SHIELDS (2947) *jlshields@cnmlaw.com*
T. RICHARD DAVIS (0836) *trdavis@cnmlaw.com*
Zions Bank Building, Suite 900
10 East South Temple
Salt Lake City, Utah 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127

Attorneys for the United Effort Plan Trust

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE UNITED EFFORT PLAN TRUST, (Dated November 9, 1942, Amended April 10, 1946, and Amended and Restated on November 3, 1998); and its, TRUSTEES, including known trustees TRUMAN BARLOW, WARREN JEFFS, LEROY JEFFS, WINSTON BLACKMORE, JAMES ZITTING and WILLIAM E. JESSOP a/k/a WILLIAM E. TIMPSON and DOE TRUSTEES I THROUGH IX. | **UNITED EFFORT PLAN TRUST'S MOTION TO APPROVE FOURTH DISTRIBUTION OF TRUST PROPERTY**<br><br>Civil No. 053900848<br><br>Judge Denise P. Lindberg<br>Judge Richard D. McKelvie |

The United Effort Plan Trust, through the Court-Appointed permanent Board of Trustees

("Board"), through counsel, hereby moves the Court to approve a fourth distribution of certain

portions of Trust property consisting of 19 residences to petitioning members of the Trust's

beneficiary class, as follows:

## BACKGROUND FACTS

1.     The Court in this Probate Action reformed the United Effort Plan Trust (the

"Trust") pursuant to the entry of the Reformed Declaration of Trust of the United Effort Plan

Trust Dated October 25, 2006 (the "Reformed Trust Declaration").

2.     The Reformed Trust Declaration provides that property of the Trust may be

distributed to members of the Trust's beneficiary class as deemed advisable by the Board:

> The Board may from time to time distribute Trust Property as they deem
> advisable to individual Trust Participants, or all of them, in accordance with
> the Trust's overall purpose as set forth herein.  Such distributions may be
> made to or for the benefit of the Trust Participants by any means deemed
> appropriate by the Board, including transfers by deed or in trust or by other
> appropriate instrument or means. . . .

Reformed Trust Declaration, at Section 6.1.

3.     The Reformed Trust Declaration provides that members of the Trust's beneficiary

class may request benefits from the Trust by submitting written petitions to the Trust:

> Mechanism for Trust Participants to Petition for Benefits.  Any Trust
> Participant may make a request for benefits from the Trust by filing with
> the Board (or its authorized representative), a written petition setting forth
> the benefits desired and the facts and circumstances supporting such
> petition.  Neither the filing of a petition nor the failure of the Board to
> respond to a petition shall entitle a Trust Participant to any benefit from the
> Trust.  The Board may respond to the petition at such time, if ever, and in
> such manner as the Board in its sole discretion determines.

*Id.* at Section 6.3.

4.     Shortly after entry of the Reformed Trust Declaration: (a) A process was

established to enable members of the Trust's beneficiary class to petition for benefits from the

Trust; and (b) A form *Petition for Benefits* was prepared to allow Trust Participants to provide

information regarding their requested benefits in a uniform manner ("Petition").

5.      In December 2006, the Trust distributed copies of the form Petition by mail to

every post-office box in Hildale and Colorado City, and by hand-delivery to every residence on

Trust property in British Columbia, Canada.

6.      The Trust also distributed a NOTICE REGARDING THE UNITED EFFORT

PLAN TRUST (the "Notice") to provide information regarding the petition process to the

members of the beneficiary class.

7.      The Notice was served by mail to every post-office box in Hildale and Colorado

City, and by hand-delivery to every residence on Trust property in British Columbia, Canada.  It

was also published in local newspapers in the areas where Trust Participants were believed to

reside: St. George, Utah; Eldorado, Texas; Durango, Colorado; and Custer, South Dakota.

8.      The Notice provided information regarding reformation of the Trust and the

process for petitioning for benefits from the Trust.

9.      The Notice further informed the beneficiary class that the Trust, through its then

authorized Fiduciary, Bruce R. Wisan ("Fiduciary"), intended to make decisions regarding the

distributions of Trust property which may permanently impact the ownership status of Trust

property.  It invited Trust Participants to submit Petitions for any property in which they had an

interest.  It further requested Trust Participants to communicate with the Trust to provide any

information they may have regarding the distributions of Trust property.  Specifically, the Notice

provided:

> After March 31, 2007, the Trust intends to make decisions regarding the
> distribution of Trust property.  Because such decisions may permanently
> impact the ownership status of Trust property, the Trust desires to be fully
> informed of all relevant facts in making such decisions.  Accordingly, the
> Trust desires input from any and all interested parties with respect to
> distributions of Trust property.  *If you have any information relevant to the*

3

> *distribution of Trust property, you are requested to make it known to the*
> *Trust in writing by March 31, 2007.*

Notice, at p. 2 (emphasis in original)

10. The Notice concluded as follows:

> If you do not provide input in a timely manner (whether through a *Petition*
> *for Benefits* or otherwise), Trust property may be distributed by the Trust
> without the benefit of your input.

*Id.*

11. Since the distribution of the Notice and form Petition, the Trust has received

hundreds of Petitions from members of the beneficiary class-seeking various different types of

benefits from the Trust with respect to numerous different portions of the Trust's property. Such

Petitions include requests for the interim use of Trust property and requests for the outright

distribution of deeds to specific residences on Trust property.

12. On September 4, 2014, the Trust, by and through the Fiduciary, filed and served

the first motion to approve distribution of trust property ("First Motion"). On October 11, 2014,

the First Motion was granted and properties are currently in the process of being distributed.

13. In December 2014, the Court appointed a permanent five (5) member Board of

Trustees ("Board"), and empowered the Board effective on the first meeting of the Board in

February 2015, subject to Court approval, to make decisions regarding the distribution of Trust

property.

14. On January 14, 2015, the Trust, by and through the Fiduciary, filed and served a

second motion to approve distribution of trust property ("Second Motion"). On April 14, 2015,

the Second Motion was granted and additional properties are currently in the process of being

distributed.

15.     On May 29, 2015, the Trust, filed and served a third motion to approve distribution of trust property ("Third Motion").  On August 9, 2015, the Third Motion was granted and additional properties are currently in the process of being distributed.

16.     Various Petitions received by the Trust have been reviewed and considered by the Board.  The Board met in duly scheduled meetings in June, July, August, and September 2015, and is now recommending that the Court authorize the distribution of ownership of 19 residential parcels of the Trust's real property to 19 different petitioners each of whom has filed a Petition seeking ownership of such properties.

17.     A list of the 19 proposed distributees, the Board vote, a description of the properties proposed to be distributed to each petitioner, and the terms of such distribution is set forth on Exhibit "A" attached hereto and incorporated herein by reference.

18.     In making recommendations to distribute additional Trust property, the Board carefully considered all of the factors set forth in the Reformed Declaration of Trust, including in some cases, consideration of value for improvements contributed by a petitioner on a separate specifically identified Trust property.

19.     After significant discussion and deliberation, the Board settled on the following process to determine if a Petition for deed to a particular residential property is appropriate, and if so, what percent of the improvement value the petitioner should pay to the Trust:

> (a)     First, the Board will consider only a written Petition to initiate the process for obtaining a deed to a particular residence.
>
> (b)     Second, the petitioner is allowed an approximate 20 minute interview with the entire Board which is conducted during a regularly scheduled Board

meeting (usually the first Saturday of each month). Each Board member reviews the Petitions in advance, and comes to the Board meeting prepared to ask follow-up questions for background and clarification of the written Petition.

(c)     Third, on the Monday following the Saturday Board meeting, the Board holds a confidential meeting to openly and vigorously discuss each Petition. In such discussions, the Board consistently considers the factors articulated in §6.4 of the Reformed Trust Declaration.[1] This includes consideration of the petitioner's significant contributions to the construction and maintenance of the residence requested in the Petition. The Board recognizes that each individual Trustee places differing weight on different factors, but the Board generally tries to reach a consensus.[2] The Board members then use their life experiences, good judgment, and common sense in making a formal vote.

(d)     Fourth, if a majority of the Board votes to grant the Petition and distribute property, the Board then determines a specific cost to the petitioner. At a minimum, the cost to the petitioner has been set at $0.15 (fifteen cents) per square foot of real estate. After considering all of the factors and after a full discussion, the Board then also determines what percent of the improvements on the property (based on the tax assessed value) will be

---

[1] To date, the Board has not received any recommendations from an authorized representative of the FLDS church as allowed in §6.4.9 of the Reformed Trust Declaration.
[2] The Reformed Trust Declaration specifies that the act of *majority* of the Trustees shall be the act of the Board (emphasis added)(at p. 8, §5.1.8(c)).

distributed (without any payment to the Trust) and what percent will be

sold via cash payments to the Trust.

20.    The votes of the Board have been unanimous with respect to all the properties

listed on Exhibit "A".

21.    In consultation with the Fiduciary, the Board has determined that the Trust will

continue to require the following payments from each petitioner as a condition of transfer:

(a)    Payment of all past-due occupancy fees for the residence owing from January 1, 2008 through the date of transfer;

(b)    Payment of all costs with respect to the transfer of the property, including any and all closing and escrow costs, recording fees, title insurance fees, etc.; and

(c)    Payment of $6,534 per acre of real property transferred (a rate of approximately $0.15 per square foot).

22.    In addition, the Board anticipates that the property transfers will be governed by

the following terms and conditions:

(a)    The Trust will require that each petitioner execute a release of claims against the Trust as a condition of transfer;

(b)    The Trust will require title insurance to be purchased by the recipients in connection with the transfers in the amount of the total consideration being paid therefore; and

(c)    The Trust will not cure any outstanding property tax obligation which may be owing on the property being distributed, but the recipients of the transfers will acknowledge that they are liable for any and all such unpaid property taxes.

23.    It is anticipated that the Trust will require these same (or similar) payments,

terms, and conditions in connection with future distributions of Trust property, unless the

circumstances dictate otherwise.

24.    It is also anticipated that the transfer of ownership of the designated properties

shall be by special warranty deed to the recipient(s) designated by the named petitioner.

7

25.     As a courtesy, the Trust intends to provide additional notice of the present Motion to members of the Trust's beneficiary class ("Additional Notice").

26.     Although the Trust believes that members of the beneficiary class were given ample notice and opportunity to be heard on these matters pursuant to the Notice provided in 2006 and 2007, the Trust nevertheless welcomes and believes the Court will also welcome any and all relevant information and input as to the proposed distributions.  Because the proposed distributions will permanently affect the ownership of the subject properties, the Board wants to give any interested persons one final opportunity to be heard before ownership is irrevocably transferred to petitioners.

27.     It is anticipated that the Additional Notice will be posted on each of the properties scheduled for distribution, as well as in other prominent locations in Hildale and Colorado City. It is also anticipated that the Additional Notice will be posted on the Trust's website.

28.     It is anticipated that the Additional Notice will: (a) identify each parcel of property proposed for distribution; (b) identify the name of the petitioners who are proposed to receive the property; and (c) invite all interested persons to be heard with respect to the proposed distributions.

29.     The Trust's counsel and members of the Board will be available to answer any questions the Court may have with respect to its recommendations in this Motion to Approve the Fourth Distribution of Trust Property.

## CONCLUSION

Based upon the above-stated facts, the Trust hereby recommends that the Court approve the Board's proposed distribution of special warranty deeds according to the terms set forth for the properties and to the petitioners listed on Exhibit "A", or as otherwise modified by the Court.

The Trust further invites any input and suggestions from the parties, any interested persons, and the Court with respect to such recommendations.

For the above stated reasons, the Fiduciary hereby requests that this Motion to Approve Fourth Distribution of Trust Property be granted.

DATED: October 6, 2015

CALLISTER NEBEKER & McCULLOUGH


/s/ Jeffrey L. Shields
Jeffrey L. Shields
Attorney for Bruce R. Wisan, as the Court-
Appointed Special Fiduciary of the United Effort
Plan Trust

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **UNITED EFFORT PLAN**

**TRUST'S MOTION TO APPROVE FOURTH DISTRIBUTION OF TRUST PROPERTY**

was served via the Court's electronic filing notification system to e-filers as indicated on the

Court Service List Report and via email, on this 6th day of October 2015, to the following:

Sandra R. Kane,
sandra.kane@azag.gov

Ronald Rohbock
attaenterprise@gmail.com

AND Via U.S. Mail:

| | | |
|---|---|---|
| Nate Barlow<br>P O Box 518<br>Colorado City, AZ  86021 | Sam Peine<br>P O Box 82<br>White City, NM  88268 | Dale Jeffs<br>P O Box 842756<br>Hildale, UT  84784 |
| Merilyn Holm<br>1370 W 12230 S<br>Riverton, UT  84065 | Richard Jessop<br>P O Box 842833<br>Hildale, UT  84784 | Myra Tolman<br>P O Box 462<br>Colorado City, AZ  86021 |
| Sam Fischer<br>P O Box 840025<br>Hildale, UT  84784 | Winston Blackmore<br>1198 Lyons Rd<br>Creston  BC Canada<br>V0B1G2 | Moroni Barlow Jr.<br>1921 Mojave Drive<br>Washington  UT  84780 |
| Alma Roundy<br>1785 S 1300 E<br>Salt Lake City, UT 84105 | Glade Jessop Jr<br>P O Box 840607<br>Hildale, UT  84784 | Lawrence Barlow<br>P O Box 840702<br>Hildale, UT  84784 |
| Glade Jessop<br>P O Box 840521<br>Hildale, UT  84784 | Doug Cooke<br>P O Box 2272<br>Colorado City, AZ  86021 | Parley Barlow<br>P O Box 840759<br>Hildale, UT  84784 |
| Arthur Blackmore<br>P O Box 700<br>Colorado City, AZ  86021 | Tom Barlow Jr.<br>P O Box 3242<br>Colorado City, AZ  86021 | |
| Isaac Barlow<br>P O Box 842364<br>Hildale, UT  84784 | Oscar Jessop<br>P O Box 2426<br>Colorado City, AZ  86021 | |

4841-6287-4153

/s/ Jeffrey L. Shields

Exhibit A

# United Effort Plan Trust

Board Distrubtion Decisions (June – September 2015)

| No. | A Petitioner/Distributee (Board Vote) | B Address | E Legal Description (HD-SHCR)(Acres) | C 2015 County Assessed Improvement Value | 2015 County Assessed Land Value | D Improvement Value to be Paid by Distributee (% of Column C) | F Distribution Land Price | G Unpaid Occupancy Fees | H Total Price Paid by Distributee |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Nate Barlow (5-0) | 340 E Jessop | 10-2 (1.06) | $160,400 | $10,200 | $24,060 15% | $6,926 | $7,746 | $38,732 |
| 2 | Merilyn Holm (5-0) | 270 W Field | 6-14 (.898) | $87,500 | $10,000 | $0 0% | $5,868 | $0 | $5,868 |
| 3 | Sam Fischer (5-0) | 495 W Utah | 1-17 (.93) | $271,300 | $10,000 | $0 0% | $6,077 | $0 | $6,077 |
| 4 | Alma Roundy (5-0) | 960 N Maple | 3-8 (1.01) | $60,500 | $10,000 | $0 0% | $6,599 | $0 | $6,599 |
| 5 | Glade Jessop (5-0) | 455 E Jessop | 9-11 (.94) | $243,300 | $10,000 | $0 0% | $6,142 | $0 | $6,142 |
| 6 | Art Blackmore (5-0) | 885 N Pinion | 4-28 (1.02) | $253,600 | $10,100 | $0 0% | $6,665 | $0 | $6,665 |
| 7 | Isaac Barlow (5-0) | 750 N Central | 7-16 (1.01) | $236,600 | $10,000 | $70,980 30% | $6,599 | $0 | $77,579 |
| 8 | Sam Peine (5-0) | 965 N Elm | 3-3 (1.00) | $84,800 | $10,000 | $0 0% | $6,534 | $0 | $6,534 |

| No. | A Petitioner/Distributee (Board Vote) | B Address | E Legal Description | C 2015 County Assessed | 2015 County | D Improvement Value to be Paid | F Distribution Land Price | G Unpaid Occupancy | H Total Price Paid by |
|---|---|---|---|---|---|---|---|---|---|
| 9 | Richard Jessop (5-0) | 885 N Elm | 3-34 (1.03) | $46,900 | $10,100 | $3,518 8% | $6,730 | $7,454 | $17,701 |
| 10 | Winston Blackmore (5-0) | 435 E Jessop | 9-10 (.71) | $66,000 | $8,000 | $0 0% | $4,639 | $0 | $4,639 |
| 11 | Glade Jessop Jr (5-0) | 780 N Hildale | 8-9 (.97) | $60,300 | $10,000 | $36,180 60% | $6,338 | $300 | $42,818 |
| 12 | Doug Cooke (5-0) | 400 E Jessop | 10-5 (.91) | $44,800 | $10,000 | $0 0% | $5,946 | $2,000 | $7,946 |
| 13 | Tom Barlow Jr. (5-0) | 1080 N Carling | 11-7 (.67) | $96,900 | $10,000 | $67,830 70% | $4,378 | $0 | $72,208 |
| 14 | Oscar Jessop (5-0) | 245 W Utah | 6-9 (.747) | $84,700 | $10,000 | $0 0% | $4,881 | $0 | $4,881 |
| 15 | Dale Jeffs (5-0) | 365 E Utah | 8-10 (.83) | $66,500 | $10,000 | $0 0% | $5,423 | $300 | $5,723 |
| 16 | Myra Tolman (5-0) | 370 E Field | 8-12 (.77) | $59,600 | $10,000 | $35,760 60% | $5,031 | $100 | $40,891 |
| 17 | Moroni Barlow Jr. (5-0) | 865 N Canyon | 9-25 (2.05) | $126,000 | $11,700 | $37,800 30% | $13,395 | $0 | $51,195 |
| 18 | Lawrence Barlow (5-0) | 520 W Uzona | 1-35 (.91) | $19,200 | $10,000 | $0 0% | $5,946 | $8,010 | $13,956 |
| 19 | Parley Barlow (5-0) | 660 N Juniper | 2-29 (.905) | $142,500 | $10,000 | $21,375 15% | $5,913 | $8,500 | $35,788 |
| | | | | | | | | TOTAL | $451,941 |

The Order of Court is stated below:
Dated:   November 06, 2015      /s/   Denise P. Lindberg
              12:47:43 PM                    District Court Judge

CALLISTER NEBEKER & McCULLOUGH
JEFFREY L. SHIELDS (2947) *jlshields@cnmlaw.com*
ZACHARY T. SHIELDS (6031) *zachshields@cnmlaw.com*
MICHAEL D. STANGER (10406) *mstanger@cnmlaw.com*
Zions Bank Building Suite 900
10 East South Temple
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127

Attorneys for Bruce R. Wisan, as the Court-Appointed Special
Fiduciary of the United Effort Plan Trust

### IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
### STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE UNITED EFFORT PLAN TRUST, (Dated November 9, 1942, Amended April 10, 1946, and Amended and Restated on November 3, 1998); and its, TRUSTEES, including known trustees TRUMAN BARLOW, WARREN JEFFS, LEROY JEFFS, WINSTON BLACKMORE, JAMES ZITTING and WILLIAM E. JESSOP a/k/a WILLIAM E. TIMPSON and DOE TRUSTEES 1 THROUGH IX. | **ORDER GRANTING MOTION TO APPROVE FOURTH DISTRIBUTION OF TRUST PROPERTY**<br><br>Civil No. 053900848<br><br>Judge Denise Posse Lindberg<br>Judge Richard D. McKelvie |

     Before the Court is the United Effort Plan Trust's Motion to Approve Fourth Distribution

of Trust Property, dated October 6, 2015 (the "Motion") filed by the Court-Appointed permanent

Board of Trustees (the "Board") of the United Effort Plan Trust ("Trust"). Having reviewed the

Motion, having received no opposition to the Motion, being fully apprised, and for good cause

appearing,

     IT IS HEREBY ORDERED THAT:

     1. The Motion is granted.

     2. The Trust is hereby authorized to distribute the Trust's real property described in the

below chart in accordance with the terms of the Motion:

|   | Petitioner(s) | Street Address/Legal Description of Property (HC-SHCR) |
|---|---|---|
| 1 | Nate Barlow | 340 E Jessop (10-2) |
| 2 | Merilyn Holm | 270 W Field (6-14) |
| 3 | Sam Fischer | 495 W Utah (1-17) |
| 4 | Alma Roundy | 960 N Maple (3-8) |
| 5 | Glade Jessop | 455 E Jessop (9-11) |
| 6 | Arthur Blackmore | 885 N Pinion (4-28) |
| 7 | Isaac Barlow | 750 N Central (7-16) |
| 8 | Sam Peine | 965 N Elm (3-3) |
| 9 | Richard Jessop | 885 N Elm (3-34) |
| 10 | Winston Blackmore | 435 E Jessop (9-10) |
| 11 | Glade Jessop Jr | 780 N Hildale (8-9) |
| 12 | Doug Cooke | 400 E Jessop (10-5) |
| 13 | Tom Barlow Jr. | 1080 N Carling (11-7) |
| 14 | Oscar Jessop | 245 W Utah (6-9) |
| 15 | Dale Jeffs | 365 E Utah (8-10) |
| 16 | Myra Tolman | 370 E Field (8-12) |
| 17 | Moroni Barlow Jr. | 865 N Canyon (9-25) |
| 18 | Lawrence Barlow | 520 W Uzona (1-35) |
| 19 | Parley Barlow | 660 N Juniper (2-29) |

***** END OF ORDER *****

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2015, a true and correct copy of the

foregoing **[proposed] ORDER GRANTING MOTION TO APPROVE FOURTH**

**DISTRIBUTION OF TRUST PROPERTY** was served via the Court's electronic filing

notification system to e-filers as indicated on the Court Service List Report and via email, as

indicated below:

Sandra R. Kane,
sandra.kane@azag.gov

Ronald Rohbock
attaenterprise@gmail.com

AND Via U.S. Mail:

| | | |
|---|---|---|
| Nate Barlow<br>P O Box 518<br>Colorado City, AZ  86021 | Sam Peine<br>P O Box 82<br>White City, NM  88268 | Dale Jeffs<br>P O Box 842756<br>Hildale, UT  84784 |
| Merilyn Holm<br>1370 W 12230 S<br>Riverton, UT  84065 | Richard Jessop<br>P O Box 842833<br>Hildale, UT  84784 | Myra Tolman<br>P O Box 462<br>Colorado City, AZ  86021 |
| Sam Fischer<br>P O Box 840025<br>Hildale, UT  84784 | Winston Blackmore<br>1198 Lyons Rd<br>Creston  BC Canada<br>V0B1G2 | Moroni Barlow Jr.<br>1921 Mojave Drive<br>Washington  UT 84780 |
| Alma Roundy<br>1785 S 1300 E<br>Salt Lake City, UT 84105 | Glade Jessop Jr<br>P O Box 840607<br>Hildale, UT  84784 | Lawrence Barlow<br>P O Box 840702<br>Hildale, UT  84784 |
| Glade Jessop<br>P O Box 840521<br>Hildale, UT  84784 | Doug Cooke<br>P O Box 2272<br>Colorado City, AZ  86021 | Parley Barlow<br>P O Box 840759<br>Hildale, UT  84784 |
| Arthur Blackmore<br>P O Box 700<br>Colorado City, AZ  86021 | Tom Barlow Jr.<br>P O Box 3242<br>Colorado City, AZ  86021 | |

Isaac Barlow                    Oscar Jessop
P O Box 842364                  P O Box 2426
Hildale, UT  84784              Colorado City, AZ  86021

4849-1175-0442                                    /s/ Jeffrey L. Shields

CALLISTER NEBEKER & McCULLOUGH
JEFFREY L. SHIELDS (2947)
jlshields@cnmlaw.com
ZACHARY T. SHIELDS (6031)
zachshields@cnmlaw.com
Zions Bank Building Suite 900
10 East South Temple
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127

Attorneys for the United Effort Plan Trust

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF<br>THE UNITED EFFORT PLAN TRUST,<br><br>(Dated November 9, 1942, Amended April 10, 1946, and Amended and Restated on November 3, 1998); and its, TRUSTEES, including known trustees TRUMAN BARLOW, WARREN JEFFS, LEROY JEFFS, WINSTON BLACKMORE, JAMES ZITTING and WILLIAM E. JESSOP a/k/a WILLIAM E. TIMPSON and DOE TRUSTEES I THROUGH IX. | **NOTICE OF INTENT TO DISTRIBUTE PROPERTY (FIFTH ROUND)**<br><br>Civil No. 053900848<br><br>Judge: Richard D. McKelvie |

Pursuant to the Order: (1) Transferring Additional Duties and Authority to the Board; and

(2) Reducing Court Oversight dated February 26, 2016 ("Order"), the United Effort Plan Trust

("Trust") provides notice that the Trust's Board of Trustees ("Board") anticipates distributing

Trust property as specified below:

## I. PROPERTY TO BE DISTRIBUTED

1.      The property proposed to be distributed to Matthew Peine consists of

approximately .858 acres located at 820 West Field Ave, Hildale, Washington County, State of

Utah, and legally described as SHORT CREEK SUBDIVISION 2, LOT 10, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #1").

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $98,300 |

    (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land Cost | $5,606 |
| Improvement Cost | $52,980 |
| Unpaid Occupancy Agreement Fee | $100 |
| Total | $58,686 |

    (c)    <u>Simple Explanation</u>: After personally meeting with Matthew Peine and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #1) and decided to transfer Property #1 to Matthew Peine.

    2.    The property proposed to be distributed to Patrick & Irene Jessop consists of approximately 0.96 acres located at 925 North Pinion Street, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 4, LOT 12, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #2").

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $98,800 |

(b)   Distribution Price

| | | |
|---|---|---:|
| Land Cost | | $6,273 |
| Improvement Cost | | $71,040 |
| Unpaid Occupancy Agreement Fee | | $2,200 |
| | Total | $79,513 |

(c)   Simple Explanation: After personally meeting with Patrick & Irene Jessop and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #2) and decided to transfer Property #2 to Patrick & Irene Jessop.

3.   The property proposed to be distributed to John Johnson consists of approximately .99 acres located at 65 West Utah Ave, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 7, LOT 18, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #3").

(a)   Valuation

| | |
|---|---:|
| Appraisal: | None |
| County Assessed Value: | $104,200 |

(b)   Distribution Price

| | | |
|---|---|---:|
| Land Cost | | $6,469 |
| Improvement Cost | | $14,130 |
| Unpaid Occupancy Agreement Fee | | $0 |
| | Total | $20,599 |

(c)   Simple Explanation: After personally meeting with John Johnson and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment,

common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #3) and decided to transfer Property #3 to John Johnson.

4.      The property proposed to be distributed to Isaac Steed consists of approximately 1.51 acres located at 385 East Utah Ave, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 8, LOT 11, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a duplex residence and detached garage situated thereon (hereafter "Property #4").

(a)      <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $80,800 |

(b)      <u>Distribution Price</u>

| | |
|---|---|
| Land Cost | $9,866 |
| Improvement Cost | $20,790 |
| Unpaid Occupancy Agreement Fee | $0 |
| Total | $30,656 |

(c)      <u>Simple Explanation</u>: After personally meeting with Isaac Steed and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #4) and decided to transfer Property #4 to Isaac Steed.

5.      The property proposed to be distributed to Moroni & Mahli Jessop consists of approximately .99 acres located at 325 East Field Ave, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 8, LOT 16, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON

COUNTY RECORDER'S OFFICE, including a duplex residence with an unfinished detached

out building situated thereon (hereafter "Property #5").

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $123,700 |

    (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land Cost | $6,469 |
| Improvement Cost | $79,590 |
| Unpaid Occupancy Agreement Fee | $0 |
| Total | $86,059 |

    (c)    <u>Simple Explanation</u>: After personally meeting with Moroni & Mahli Jessop and

reviewing the Petition for Benefits, members of the Board used their life experiences, good

judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust

(including improvements made to Property #5) and decided to transfer Property #5 to Moroni &

Mahli Jessop.

    6.    The property proposed to be distributed to Jerry Holm consists of approximately

.66 acres located at 650 North Hildale Street, Hildale, Washington County, State of Utah, and

legally described as SHORT CREEK SUBDIVISION 8, LOT 18, ACCORDING TO THE

OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON

COUNTY RECORDER'S OFFICE, including a duplex residence situated thereon (hereafter

"Property #6").

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $72,000 |

5

(b)   <u>Distribution Price</u>

| | | |
|---|---|---:|
| Land Cost | | $4,312 |
| Improvement Cost | | $43,400 |
| Unpaid Occupancy Agreement Fee | | $400 |
| | Total | $48,112 |

(c)   <u>Simple Explanation</u>: After personally meeting with Jerry Holm and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #6) and decided to transfer Property #6 to Jerry Holm.

7.     The property proposed to be distributed to Larry Stubbs Jr. consists of approximately .91 acres located at 340 East Utah Ave, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 9, LOT 33, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence and shop situated thereon (hereafter "Property #7").

(a)   <u>Valuation</u>

| | |
|---|---:|
| Appraisal: | None |
| County Assessed Value: | $259,600 |

(b)   <u>Distribution Price</u>

| | | |
|---|---|---:|
| Land Cost | | $5,946 |
| Improvement Cost | | $149,760 |
| Unpaid Occupancy Agreement Fee | | $0 |
| | Total | $155,706 |

(c)   <u>Simple Explanation</u>: After personally meeting with Larry Stubbs Jr. and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust

6

(including improvements made to Property #7) and decided to transfer Property #7 to Larry Stubbs Jr.

8.     The property proposed to be distributed to Russel Cooke consists of approximately 1.11 acres located at 380 East Jessop Ave, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 10, LOT 4, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #8").

    (a)   Valuation

|  |  |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $56,300 |

    (b)   Distribution Price

|  |  |
|---|---|
| Land Cost | $7,253 |
| Improvement Cost | $0 |
| Unpaid Occupancy Agreement Fee | $1,100 |
| Total | $8,353 |

    (c)   Simple Explanation: After personally meeting with Russel Cooke and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #8) and decided to transfer Property #8 to Russel Cooke.

9.     The property proposed to be distributed to Curtis Barlow consists of approximately 1.23 acres located at 180 North Central Street, Colorado City, Mohave County, State of Arizona, and legally described as parcel 404-33-020, ON FILE AND OF RECORD IN

THE MOHAVE COUNTY RECORDER'S OFFICE, including a residence and shop situated thereon (hereafter "Property #9").

(a)     Valuation

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $173,785 |

(b)     Distribution Price

| | |
|---|---|
| Land Cost | $8,037 |
| Improvement Cost | $24,219 |
| Unpaid Occupancy Agreement Fee | $1,200 |
| Total | $33,456 |

(c)     Simple Explanation: After personally meeting with Curtis Barlow and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #9) and decided to transfer Property #9 to Curtis Barlow.

10.     The property proposed to be distributed to Travis Jessop consists of approximately .85 acres located at 725 North Homestead Street, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 1, LOT 13, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #10").

(a)     Valuation

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $123,900 |

8

(b)  <u>Distribution Price</u>

| | |
|---|---|
| Land Cost | $5,554 |
| Improvement Cost | $79,730 |
| Unpaid Occupancy Agreement Fee | $400 |
| Total | $85,684 |

(c)  <u>Simple Explanation</u>: After personally meeting with Travis Jessop and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #10) and decided to transfer Property #10 to Travis Jessop.

11.    The property proposed to be distributed to Janice Knudson consists of approximately 1.05 acres located at 120 North Colvin, Colorado City, Mohave County, State of Arizona, and legally described as parcel 404-33-051, ON FILE AND OF RECORD IN THE MOHAVE COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #11").

(a)  <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $135,722 |

(b)  <u>Distribution Price</u>

| | |
|---|---|
| Land Cost | $6,861 |
| Improvement Cost | $0 |
| Unpaid Occupancy Agreement Fee | $(500) |
| Total | $6,361 |

(c)  <u>Simple Explanation</u>: After personally meeting with Janice Knudson and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust

9

(including improvements made to Property #11) and decided to transfer Property #11 to Janice Knudson.

12.     The property proposed to be distributed to Lee & Mindy Barlow consists of approximately 1.03 acres located at 485 East Newel Ave, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 9, LOT 24, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a single-wide trailer with an unfinished home situated thereon (hereafter "Property #12").

    (a)   <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $66,400 |

    (b)   <u>Distribution Price</u>

| | |
|---|---|
| Land Cost | $6,730 |
| Improvement Cost | $50,760 |
| Unpaid Occupancy Agreement Fee | $100 |
| Total | $57,590 |

    (c)   <u>Simple Explanation</u>: After personally meeting with Lee & Mindy Barlow and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #12) and decided to transfer Property #12 to Lee & Mindy Barlow.

13.     The property proposed to be distributed to Thomas Ray Steed consists of approximately 1.01 acres located at 860 North Juniper Street, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 3, LOT 24, ACCORDING

TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON

COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property

#13").

     (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $100,600 |

     (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land Cost | $6,599 |
| Improvement Cost | $72,480 |
| Unpaid Occupancy Agreement Fee | $200 |
| Total | $79,279 |

     (c)    <u>Simple Explanation</u>: After personally meeting with Thomas Ray Steed and

reviewing the Petition for Benefits, members of the Board used their life experiences, good

judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust

(including improvements made to Property #13) and decided to transfer Property #13 to Thomas

Ray Steed.

     14.    The property proposed to be distributed to Harold Holm Jr. and Celeste Draper

consists of approximately .91 acres located at 585 West Field Ave, Hildale, Washington County,

State of Utah, and legally described as SHORT CREEK SUBDIVISION 1, LOT 32,

ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE

WASHINGTON COUNTY RECORDER'S OFFICE, including a double-wide modular home

situated thereon (hereafter "Property #14").

     (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $56,500 |

11

(b)     Distribution Price

| | |
|---|---|
| Land Cost | $5,946 |
| Improvement Cost | $37,200 |
| Unpaid Occupancy Agreement Fee | $0 |
| Total | $43,146 |

(c)     Simple Explanation: After personally meeting with Harold Holm Jr. and Celeste

Draper and reviewing the Petition for Benefits, members of the Board used their life experiences,

good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed

Trust (including improvements made to Property #14) and decided to transfer Property #14 to

Harold Holm Jr. and Celeste Draper.

15.     The property proposed to be distributed to Marilyn Black consists of

approximately 1.47 acres located at 1045 North Louis Street, Hildale, Washington County, State

of Utah, and legally described as SHORT CREEK SUBDIVISION 11, LOT 9, ACCORDING

TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON

COUNTY RECORDER'S OFFICE, including a residence and garden situated thereon (hereafter

"Property #15").

(a)     Valuation

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $66,200 |

(b)     Distribution Price

| | |
|---|---|
| Land Cost | $9,605 |
| Improvement Cost | $39,340 |
| Unpaid Occupancy Agreement Fee | $0 |
| Total | $48,945 |

(c)     Simple Explanation: After personally meeting with Marilyn Black and reviewing

the Petition for Benefits, members of the Board used their life experiences, good judgment,

12

common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #15) and decided to transfer Property #15 to Marilyn Black.

16.     The property proposed to be distributed to Melissa Black consists of approximately .54 acres located at 220 East Jessop Ave, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 11, LOT 18, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #16").

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $123,700 |

    (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land Cost | $3,528 |
| Improvement Cost | $79,590 |
| Unpaid Occupancy Agreement Fee | $0 |
| Total | $83,118 |

    (c)    <u>Simple Explanation</u>: After personally meeting with Melissa Black and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #16) and decided to transfer Property #16 to Melissa Black.

17.     The property proposed to be distributed to John Dutson consists of approximately 1.0 acres located at 860 North Elm Street, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 3, LOT 32, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON

COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #17").

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $67,100 |

    (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land Cost | $6,534 |
| Improvement Cost | $45,680 |
| Unpaid Occupancy Agreement Fee | $0 |
| Total | $52,214 |

    (c)    <u>Simple Explanation</u>: After personally meeting with John Dutson and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #17) and decided to transfer Property #17 to John Dutson.

18.    The property proposed to be distributed to Winston Johnson consists of approximately 1.03 acres located at 880 North Maple Street, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 3, LOT 33, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #18").

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $73,500 |

(b)     Distribution Price

| | |
|---|---|
| Land Cost | $6,730 |
| Improvement Cost | $44,450 |
| Unpaid Occupancy Agreement Fee | $0 |
| Total | $51,180 |

(c)     Simple Explanation: After personally meeting with Winston Johnson and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #18) and decided to transfer Property #18 to Winston Johnson.

19.     The property proposed to be distributed to Patrick Pipkin consists of approximately .80 acres located at 780 North Oak Street, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 1, LOT 1, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #19").

(a)     Valuation

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $109,500 |

(b)     Distribution Price

| | |
|---|---|
| Land Cost | $5,227 |
| Improvement Cost | $44,775 |
| Unpaid Occupancy Agreement Fee | $1,270 |
| Total | $51,272 |

(c)     Simple Explanation: After personally meeting with Patrick Pipkin and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment,

15

common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including

improvements made to Property #19) and decided to transfer Property #19 to Patrick Pipkin.

20.     The property proposed to be distributed to Ross Chatwin consists of

approximately .719 acres located at 655 North Lauritzen Street, Hildale, Washington County,

State of Utah, and legally described as SHORT CREEK SUBDIVISION 6, LOT 27,

ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE

WASHINGTON COUNTY RECORDER'S OFFICE, including a residence situated thereon

(hereafter "Property #20").

(a)     Valuation

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $113,600 |

(b)     Distribution Price

| | |
|---|---|
| Land Cost | $4,698 |
| Improvement Cost | $46,620 |
| Unpaid Occupancy Agreement Fee | $5,425 |
| Total | $56,743 |

(c)     Simple Explanation: After personally meeting with Ross Chatwin and reviewing

the Petition for Benefits, members of the Board used their life experiences, good judgment,

common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including

improvements made to Property #20) and decided to transfer Property #20 to Ross Chatwin.

21.     The property proposed to be distributed to Arthur Blackmore Jr. consists of

approximately 1.01 acres located at 965 North Pinion Street, Hildale, Washington County, State

of Utah, and legally described as SHORT CREEK SUBDIVISION 4, LOT 10, ACCORDING

TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON

COUNTY RECORDER'S OFFICE with no improvements (vacant lot) situated thereon (hereafter "Property #21").

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $10,000 |

    (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land Cost | $6,599 |
| Improvement Cost | $0 |
| Unpaid Occupancy Agreement Fee | $0 |
| Total | $6,599 |

    (c)    <u>Simple Explanation</u>: After personally meeting with Arthur Blackmore Jr. and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #21) and decided to transfer Property #21 to Arthur Blackmore Jr.

    22.    The property proposed to be distributed to Joe & Donia Jessop consists of approximately .920 acres located at 380 West Uzona Ave, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 6, LOT 30, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #22").

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $143,300 |

17

(b)     Distribution Price

| | | |
|---|---|---|
| Land Cost | | $6,011 |
| Improvement Cost | | $39,990 |
| Unpaid Occupancy Agreement Fee | | $0 |
| | Total | $46,001 |

(c)     Simple Explanation: After personally meeting with Joe & Donia Jessop and

reviewing the Petition for Benefits, members of the Board used their life experiences, good

judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust

(including improvements made to Property #22) and decided to transfer Property #22 to Joe &

Donia Jessop.

23.     The property proposed to be distributed to Ted Jessop consists of approximately

.858 acres located at 925 West Utah Ave, Hildale, Washington County, State of Utah, and legally

described as SHORT CREEK SUBDIVISION 2, LOT 2, ACCORDING TO THE OFFICIAL

PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY

RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #23").

(a)     Valuation

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $143,300 |

(b)     Distribution Price

| | | |
|---|---|---|
| Land Cost | | $5,606 |
| Improvement Cost | | $53,320 |
| Unpaid Occupancy Agreement Fee | | $200 |
| | Total | $59,126 |

(c)     Simple Explanation: After personally meeting with Ted Jessop and reviewing the

Petition for Benefits, members of the Board used their life experiences, good judgment, common

sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #23) and decided to transfer Property #23 to Ted Jessop.

24.     The property proposed to be distributed to Dennis Dutson Jr. consists of approximately .906 acres located at 820 West Uzona Ave, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 2, LOT 34, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #24").

   (a)   Valuation

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $97,200 |

   (b)   Distribution Price

| | |
|---|---|
| Land Cost | $5,920 |
| Improvement Cost | $69,760 |
| Unpaid Occupancy Agreement Fee | $0 |
| Total | $75,680 |

   (c)   Simple Explanation: After personally meeting with Dennis Dutson Jr. and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #24) and decided to transfer Property #24 to Dennis Dutson Jr.

25.     The property proposed to be distributed to Craig Chatwin consists of approximately .859 acres located at 65 West Utah Ave, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 2, LOT 7, ACCORDING TO

19

THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence and shop situated thereon (hereafter "Property #25").

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $86,600 |

    (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land Cost | $5,613 |
| Improvement Cost | $11,490 |
| Unpaid Occupancy Agreement Fee | $(20) |
| Total | $17,083 |

    (c)    <u>Simple Explanation</u>: After personally meeting with Craig Chatwin and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #25) and decided to transfer Property #25 to Craig Chatwin.

    26.    The property proposed to be distributed to Nathan Fischer consists of approximately 1.25 acres located at 620 North Central Street, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 7, LOT 11, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence with a detached apartment situated thereon (hereafter "Property #26").

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $209,100 |

20

    (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land Cost | $8,168 |
| Improvement Cost | $29,865 |
| Unpaid Occupancy Agreement Fee | $(300) |
| Total | $37,733 |

    (c)    <u>Simple Explanation</u>: After personally meeting with Nathan Fischer and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment, common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #26) and decided to transfer Property #26 to Nathan Fischer.

27.    The property proposed to be distributed to Valene Barlow consists of approximately 1.0 acres located at 940 North Pinion Street, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 4, LOT 22, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, including a residence situated thereon (hereafter "Property #27").

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $101,600 |

    (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land Cost | $6,534 |
| Improvement Cost | $54,960 |
| Unpaid Occupancy Agreement Fee | $0 |
| Total | $61,494 |

    (c)    <u>Simple Explanation</u>: After personally meeting with Valene Barlow and reviewing the Petition for Benefits, members of the Board used their life experiences, good judgment,

common sense, and considered the factors listed in section 6.4 of the Reformed Trust (including improvements made to Property #27) and decided to transfer Property #27 to Valene Barlow.

## II. PROCEDURE

This notice ("Notice") will be filed with the Court and posted on the UEP website (www.ueptrust.com).

Any interested person or Party who elects to challenge the Board's decision to distribute the Property as described in this Notice, must, within ten (10) calendar days of filing this Notice, file with the Court a written objection to the Notice and a request to submit, ("Objection").

Upon filing of an Objection, the Court will make a determination whether the Board's decision as described in the Notice needs further judicial review, and if so, within five calendar days of filing the Objection, the Court will notify the Board. In such case, the Board's decision to distribute the Property will not be consummated until after the Court makes a specific ruling.

However, the filing of an Objection will not stay the Trust from implementing the distribution described in the Notice, unless the Court: (1) affirmatively determines that the Board's decision to distribute needs further judicial review; and (2) so notifies the Board within five calendar days of filing the Objection.

If no Objection is timely filed within ten (10) calendar days after the filing and publicizing of the Notice in accordance with the Order, the Board's decision to distribute becomes operative and may be consummated by the Trust in accordance with the Order.

DATED this 22nd day of April, 2016.    CALLISTER NEBEKER & McCULLOUGH

/s/ Jeffrey L. Shields
Jeffrey L. Shields
Attorney for the United Effort Plan Trust

22

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **NOTICE OF INTENT TO DISTRIBUTE PROPERTY (FIFTH ROUND)** was served via ECF notification on the 22nd day of April 2016, and via email on the following:

Sandra R. Kane (sandra.kane@azag.gov)

Ronald Rohbock (attaenterprise@gmail.com)

/s/ Jeffrey L. Shields

4830-7969-5408

23

CALLISTER NEBEKER & McCULLOUGH
ZACHARY T. SHIELDS (6031)
*zachshields@cnmlaw.com*
Zions Bank Building Suite 900
10 East South Temple
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127

Attorneys for the United Effort Plan Trust

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY<br>STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF<br>THE UNITED EFFORT PLAN TRUST,<br><br>(Dated November 9, 1942, Amended April 10, 1946, and Amended and Restated on November 3, 1998); and its, TRUSTEES, including known trustees TRUMAN BARLOW, WARREN JEFFS, LEROY JEFFS, WINSTON BLACKMORE, JAMES ZITTING and WILLIAM E. JESSOP a/k/a WILLIAM E. TIMPSON and DOE TRUSTEES I THROUGH IX. | **NOTICE OF INTENT TO DISTRIBUTE PROPERTY (SEVENTH ROUND)**<br><br>Civil No. 053900848<br><br>Judge: Richard D. McKelvie |

Pursuant to the Court's Order: (1) Transferring Additional Duties and Authority to the Board; and (2) Reducing Court Oversight dated February 26, 2016 (the "Order"), the United Effort Plan Trust (the "Trust") provides notice that the Trust's Board of Trustees (the "Board") anticipates distributing Trust property as specified below:

**I. EXPLANATION OF DISTRIBUTIONS**

The Board has reviewed the Petitions for Benefits filed by certain petitioning members of the Trust's beneficiary class identified in Part II, below (the "Petitioners"), and has personally met with such Petitioners. Based thereon, the Board has determined that the Trust will transfer to the

below-identified Petitioners certain properties, including improvements, as more particularly identified below.  The decisions of the Board have been based upon the Board members' life experiences, good judgment, and common sense, and pursuant to consideration of the factors listed in section 6.4 of the Reformed Declaration of Trust.

The proposed distribution to each Petitioner is conditioned upon the Petitioner's payment to the Trust a specified sum (the "Distribution Price"), which sum has been determined by the Board taking into consideration the factors of the Reformed Declaration of Trust, the value of the land, the value of the improvements, and the amount of unpaid occupancy fees associated with the property, as set forth below.  In addition, the Petitioner receiving any distribution hereunder shall pay any and all additional costs for closing on the transaction and title insurance premiums.  The Petitioners' payments to be received by the Trust may include cash payments at closing and/or payments over time with the Trust acting as seller and financer.

## II. PROPERTY TO BE DISTRIBUTED

1.     The Board proposes to distribute to Guy Timpson property which consists of approximately 1.84 acres located at 260 East Uzona, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 8, LOT 8, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

(a)     Valuation

        Appraisal:                           None
        County Assessed Value:      $419,300.00

(b)     Distribution Price

        Land:                              $12,022.56
        Improvements:                $61,395.00
        Unpaid Occupancy Fees:      $3,900.00

        **Total:**                        **$77,317.56**

2.     The Board proposes to distribute to Leroy Timpson property which consists of approximately 0.855 acres located at 780 North Juniper and 760 North Juniper, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 2, LOTS 14 and 21, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence and trailer.

(a)     Valuation

        Appraisal:                           None
        County Assessed Value:      $132,140.00

(b)     Distribution Price

        Land:                              $11,173.14
        Improvements:                    $0.00
        Unpaid Occupancy Fees:      $8,100.00

        **Total:**                        **$19,273.14**

3.     The Board proposes to distribute to Wendell Neilson property which consists of approximately 2.03 acres located at 875 North Maple, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 4, LOT 24, ACCORDING TO THE

3

OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

(a) <u>Valuation</u>

  Appraisal:        None
  County Assessed Value:    $804,600.00

(b) <u>Distribution Price</u>

  Land:         $13,264.02
  Improvements:       $0.00
  <u>Unpaid Occupancy Fees:</u>   $0.00

   **Total:**       **$13,264.02**

4. The Board proposes to distribute to James Holm property which consists of approximately 0.78 acres located at 60 West Utah Ave, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 7, LOT 5, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

(a) <u>Valuation</u>

  Appraisal:        None
  County Assessed Value:    $88,300.00

(b) <u>Distribution Price</u>

  Land:         $5,096.52
  Improvements:       $54,810.00
  <u>Unpaid Occupancy Fees:</u>   $0.00

   **Total:**       **$59,906.52**

5. The Board proposes to distribute to Craig Bateman property which consists of approximately 0.905 acres located at 985 West Field Ave, Hildale, Washington County, State of

Utah, and legally described as SHORT CREEK SUBDIVISION 2, LOT 38, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $162,300.00 |

    (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land: | $5,913.27 |
| Improvements: | $137,070.00 |
| <u>Unpaid Occupancy Fees:</u> | $0.00 |
| **Total:** | **$142,983.27** |

6.    The Board proposes to distribute to James Jessop property which consists of approximately 1.12 acres located at 640 North Central, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 7, LOT 12, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $116,300.00 |

    (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land: | $7,318.08 |
| Improvements: | $84,440.00 |
| <u>Unpaid Occupancy Fees:</u> | $0.00 |
| **Total:** | **$91,758.08** |

7.     The Board proposes to distribute to Cynthia Knudsen property which consists of approximately 0.854 acres located at 725 North Oak St, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 2, LOT 18, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

    (a)     Valuation

|  | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $64,200.00 |

    (b)     Distribution Price

|  | |
|---|---|
| Land: | $5,580.04 |
| Improvements: | $43,360.00 |
| Unpaid Occupancy Fees: | $0.00 |
| **Total:** | **$48,940.04** |

8.     The Board proposes to distribute to Gina Rohbock property which consists of approximately 0.85 acres located at 580 West Field, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 1, LOT 14, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

    (a)     Valuation

|  | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $120,400.00 |

6

(b) <u>Distribution Price</u>

| | |
|---|---|
| Land: | $5,553.90 |
| Improvements: | $77,280.00 |
| <u>Unpaid Occupancy Fees:</u> | $0.00 |
| **Total:** | **$82,833.90** |

9.  The Board proposes to distribute to Danielle Hammon property which consists of approximately 0.9 acres located at 645 North Homestead, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 1, LOT 34, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a demolished trailer.

(a) <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $56,900.00 |

(b) <u>Distribution Price</u>

| | |
|---|---|
| Land: | $5,880.60 |
| Improvements: | $0.00 |
| <u>Unpaid Occupancy Fees:</u> | $1,300.00 |
| **Total:** | **$7,180.60** |

10.  The Board proposes to distribute to Carla Holm and Leslie Jeffs property which consists of approximately 0.906 acres located at 685 North Juniper, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 2, LOT 31, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $97,800.00 |

    (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land: | $5,919.80 |
| Improvements: | $52,680.00 |
| <u>Unpaid Occupancy Fees:</u> | $0.00 |
| **Total:** | **$58,599.80** |

11.    The Board proposes to distribute to Todd Dutson property which consists of approximately 0.86 acres located at 720 North Elm, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 2, LOT 11, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

    (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $ 110,400.00 |

    (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land: | $5,619.24 |
| Improvements: | $90,360.00 |
| <u>Unpaid Occupancy Fees:</u> | $0.00 |
| **Total:** | **$95,979.24** |

12.    The Board proposes to distribute to Ray Chatwin property which consists of approximately 0.906 acres located at 640 North Juniper, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 2, LOT 28, ACCORDING TO

THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

    (a)   <u>Valuation</u>

| Appraisal: | None |
|---|---|
| County Assessed Value: | $138,100.00 |

    (b)   <u>Distribution Price</u>

| Land: | $5,919.80 |
|---|---|
| Improvements: | $76,860.00 |
| <u>Unpaid Occupancy Fees:</u> | $5,000.00 |
| **Total:** | **$87,779.80** |

13.    The Board proposes to distribute to Mike Cooke property which consists of approximately 0.906 acres located at 880 West Uzona, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 2, LOT 35, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

    (a)   <u>Valuation</u>

| Appraisal: | None |
|---|---|
| County Assessed Value: | $52,000.00 |

    (b)   <u>Distribution Price</u>

| Land: | $5,919.80 |
|---|---|
| Improvements: | $0.00 |
| <u>Unpaid Occupancy Fees:</u> | $0.00 |
| **Total:** | **$5,919.80** |

14.    The Board proposes to distribute to Brigham Barlow property which consists of approximately 0.93 acres located at 640 North Homestead, Hildale, Washington County, State of

Utah, and legally described as SHORT CREEK SUBDIVISION 1, LOT 30, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

      (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $62,200.00 |

      (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land: | $6,076.62 |
| Improvements: | $46,980.00 |
| <u>Unpaid Occupancy Fees:</u> | $0.00 |
| **Total:** | **$53,056.62** |

15.    The Board proposes to distribute to Alex Jessop property which consists of approximately 0.85 acres located at 745 North Homestead, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 1, LOT 12, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

      (a)    <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $111,700.00 |

      (b)    <u>Distribution Price</u>

| | |
|---|---|
| Land: | $5,553.90 |
| Improvements: | $91,530.00 |
| <u>Unpaid Occupancy Fees:</u> | $0.00 |
| **Total:** | **$97,083.90** |

16.     The Board proposes to distribute to Ramona Barlow property which consists of approximately 1.01 acres located at 940 North Redwood, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 4, LOT 14, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

(a)     Valuation

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $107,500.00 |

(b)     Distribution Price

| | |
|---|---|
| Land: | $6,599.34 |
| Improvements: | $43,875.00 |
| Unpaid Occupancy Fees: | $0.00 |
| **Total:** | **$50,474.34** |

17.     The Board proposes to distribute to Louis & Donna Bistline property which consists of approximately 0.91 acres located at 785 North Willow, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 1, LOT 2, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

(a)     Valuation

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $100,700.00 |

 (b) <u>Distribution Price</u>

| | |
|---|---|
| Land: | $5,945.94 |
| Improvements: | $54,420.00 |
| <u>Unpaid Occupancy Fees:</u> | $7,500.00 |
| **Total:** | **$67,865.94** |

18. The Board proposes to distribute to Carlie Pipkin property which consists of approximately 0.54 acres located at 365 East Field, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 8, LOT 17, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a duplex.

 (a) <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $71,500.00 |

 (b) <u>Distribution Price</u>

| | |
|---|---|
| Land: | $3,528.36 |
| Improvements: | $55,350.00 |
| <u>Unpaid Occupancy Fees:</u> | $1,500.00 |
| **Total:** | **$60,378.36** |

### III. PROCEDURE

Pursuant to the Order, this notice ("Notice") will be filed with the Court and posted on the UEP website (www.ueptrust.com).

Any interested person or Party who elects to challenge the Board's decision to distribute the Property as described in this Notice, must, within ten calendar days of filing this Notice, file with the Court a written objection to the Notice and a request to submit ("Objection").

12

Upon filing of an Objection, the Court will make a determination whether the Board's decision as described in the Notice needs further judicial review, and if so, within five calendar days of filing the Objection, the Court will notify the Board.  In such case, the Board's decision to distribute the Property will not be consummated until after the Court makes a specific ruling.

However, the filing of an Objection will not stay the Trust from implementing the distribution described in the Notice, unless the Court: (1) affirmatively determines that the Board's decision to distribute needs further judicial review; and (2) so notifies the Board within five calendar days of filing the Objection.

If no Objection is timely filed within ten (10) calendar days after the filing and publicizing of the Notice in accordance with the Order, the Board's decision to distribute becomes operative and may be consummated by the Trust in accordance with the Order.

DATED this 31st day of August, 2016    CALLISTER NEBEKER & McCULLOUGH

_____/s/ Zachary T. Shields_____
Zachary T. Shields
Attorney for the United Effort Plan Trust

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **NOTICE OF INTENT TO DISTRIBUTE PROPERTY (SEVENTH ROUND)** was served via ECF notification on the 31st day of August, 2016, and via email on the following:

      Vincent J. Sottosanti (vincent.sottosanti@agaz.gov)

      Ronald Rohbock (attaenterprise@gmail.com)

                            /s/ Zachary T. Shields

CALLISTER NEBEKER & McCULLOUGH
ZACHARY T. SHIELDS (6031) *zachshields@cnmlaw.com*
Zions Bank Building Suite 900
10 East South Temple
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127

Attorneys for the United Effort Plan Trust

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY
STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF<br>THE UNITED EFFORT PLAN TRUST,<br><br>(Dated November 9, 1942, Amended April 10, 1946, and Amended and Restated on November 3, 1998); and its, TRUSTEES, including known trustees TRUMAN BARLOW, WARREN JEFFS, LEROY JEFFS, WINSTON BLACKMORE, JAMES ZITTING and WILLIAM E. JESSOP a/k/a WILLIAM E. TIMPSON and DOE TRUSTEES I THROUGH IX. | **NOTICE OF INTENT TO DISTRIBUTE PROPERTY (SIXTH ROUND)**<br><br>Civil No. 053900848<br><br>Judge: Richard D. McKelvie |

Pursuant to the Court's Order: (1) Transferring Additional Duties and Authority to the Board; and (2) Reducing Court Oversight dated February 26, 2016 (the "Order"), the United Effort Plan Trust ("Trust") provides notice that the Trust's Board of Trustees ("Board") anticipates distributing Trust property as specified below:

## I. EXPLANATION OF DISTRIBUTIONS

The Board has reviewed the Petitions for Benefits filed by certain petitioning members of the Trust's beneficiary class identified in Part II, below (the "Petitioners"), and has personally met with such Petitioners. Based thereon, the Board has determined that the Trust will transfer

to the below-identified Petitioners certain properties, including improvements, as more particularly identified below. The decisions of the Board have been based upon the Board members' life experiences, good judgment, and common sense, and pursuant to consideration of the factors listed in section 6.4 of the Reformed Declaration of Trust.

The proposed distribution to each Petitioner is conditioned upon the Petitioner's payment to the Trust a specified sum (the "Distribution Price"), which sum has been determined by the Board taking into consideration the factors of the Reformed Declaration of Trust, the value of the land, the value of the improvements, and the amount of unpaid occupancy fees associated with the property, as set forth below. In addition, the Petitioner receiving any distribution hereunder shall pay any and all additional costs for closing on the transaction and title insurance premiums.

## II. PROPERTY TO BE DISTRIBUTED

1.     The Board proposes to distribute to Lorenzo Barlow property which consists of approximately 1.05 acres located at 660 North Central, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 7, LOT 13, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence and an apartment.

(a)     Valuation

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $139,700.00 |

(b)     Distribution Price

| | |
|---|---|
| Land: | $6,860.70 |
| Improvements: | $83,820.00 |
| Unpaid Occupancy Fees: | $7,660.00 |
| **Total:** | **$98,340.70** |

2

2.      The Board proposes to distribute to Joseph Barlow property which consists of approximately 1.0 acres located at 720 North Central, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 7, LOT 15, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

    (a)      <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $74,200.00 |

    (b)      <u>Distribution Price</u>

| | |
|---|---|
| Land: | $6,534.00 |
| Improvements: | $66,780.00 |
| <u>Unpaid Occupancy Fees:</u> | <u>$100.00</u> |
| **Total:** | **$73,414.00** |

3.      The Board proposes to distribute to John Y. Barlow property which consists of approximately 1.23 acres located at 740 North Hammon, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 6, LOT 16, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

    (a)      <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $134,500.00 |

3

     (b)    <u>Distribution Price</u>

| | |
|---|---:|
| Land: | $8,036.82 |
| Improvements: | $0.00 |
| <u>Unpaid Occupancy Fees:</u> | <u>$6,450.57</u> |
| **Total:** | **$14,487.39** |

4.    The Board proposes to distribute to Vernon Black property which consists of approximately 1.09 acres located at 725 North Hildale, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 8, LOT 5, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

     (a)    <u>Valuation</u>

| | |
|---|---:|
| Appraisal: | None |
| County Assessed Value: | $65,400.00 |

     (b)    <u>Distribution Price</u>

| | |
|---|---:|
| Land: | $7,122.06 |
| Improvements: | $0.00 |
| <u>Unpaid Occupancy Fees:</u> | <u>$6,373.83</u> |
| **Total:** | **$13,495.89** |

5.    The Board proposes to distribute to Israel Jeffs property which consists of approximately .91 acres located at 665 North Willow, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 1, LOT 41, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

     (a)    <u>Valuation</u>

| | |
|---|---:|
| Appraisal: | None |
| County Assessed Value: | $93,100.00 |

4

(b)   <u>Distribution Price</u>

| | |
|---|---|
| Land: | $5,945.94 |
| Improvements: | $74,480.00 |
| <u>Unpaid Occupancy Fees:</u> | <u>$0.00</u> |
| **Total:** | **$80,425.94** |

6.      The Board proposes to distribute to James Barlow, Jr. property which consists of approximately 2.89 acres located at 880 North Canyon, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 9, LOT 21, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence and orchard.

(a)   <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $197,900 |

(b)   <u>Distribution Price</u>

| | |
|---|---|
| Land: | $18,883.26 |
| Improvements: | $118,740.00 |
| <u>Unpaid Occupancy Fees:</u> | <u>$0.00</u> |
| **Total:** | **$137,623.26** |

7.      The Board proposes to distribute to Jody Johnson property which consists of approximately 0.8 acres located at 770 North Central, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 7, LOT 17, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a partially-constructed residence.

(a)   <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $36,300.00 |

5

(b)   <u>Distribution Price</u>

| | |
|---|---|
| Land: | $5,227.20 |
| Improvements: | $29,040.00 |
| <u>Unpaid Occupancy Fees:</u> | <u>$0.00</u> |
| **Total:** | **$34,267.20** |

8.    The Board proposes to distribute to Ezra Black property which consists of approximately 1.0 acres located at 825 North Elm, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 3, LOT 37, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a double-wide trailer residence.

(a)   <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $45,800.00 |

(b)   <u>Distribution Price</u>

| | |
|---|---|
| Land: | $6,534.00 |
| Improvements: | $36,640.00 |
| <u>Unpaid Occupancy Fees:</u> | <u>$0.00</u> |
| **Total:** | **$43,174.00** |

9.    The Board proposes to distribute to Lawrence Steed property which consists of approximately .84 acres located at 540 East Williams, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 10, LOT 15, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

(a)   <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $150,100.00 |

6

(b)   <u>Distribution Price</u>

| | |
|---|---|
| Land: | $5,488.56 |
| Improvements: | $0.00 |
| <u>Unpaid Occupancy Fees:</u> | <u>$9,300.00</u> |
| **Total:** | **$14,788.56** |

10.   The Board proposes to distribute to Jim Allred property which consists of approximately 1.05 acres located at 480 East Newel, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 9, LOT 15, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

(a)   <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $407,700.00 |

(b)   <u>Distribution Price</u>

| | |
|---|---|
| Land: | $6,860.70 |
| Improvements: | $0.00 |
| <u>Unpaid Occupancy Fees:</u> | <u>$8,500.00</u> |
| **Total:** | **$15,360.70** |

11.   The Board proposes to distribute to Joan Barlow property which consists of approximately .763 acres located at 655 North Lauritzen, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 6, LOT 28, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence and shop building.

(a)   <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $107,300.00 |

(b)    Distribution Price

| | |
|---|---|
| Land: | $4,985.44 |
| Improvements: | $31,290.00 |
| Unpaid Occupancy Fees: | $(600.00) |

**Total:**                    **$35,675.44**

12.    The Board proposes to distribute to Philip Jessop property which consists of approximately .99 acres located at 325 East Field, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 8, LOT 16, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a duplex.

(a)    Valuation

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $113,700 |

(b)    Distribution Price

| | |
|---|---|
| Land: | $6,468.66 |
| Improvements: | $79,590.00 |
| Unpaid Occupancy Fees: | $0.00 |

**Total:**                    **$86,058.66**

13.    The Board proposes to distribute to Theral & Leyessa Dockstader property which consists of approximately .8 acres located at 10 East Utah, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 7, LOT 10, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence and greenhouse.

(a)    Valuation

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $247,800.00 |

8

(b)   Distribution Price

| | |
|---|---|
| Land: | $5,227.20 |
| Improvements: | $223,020.00 |
| Unpaid Occupancy Fees: | $0.00 |
| **Total:** | **$228,247.20** |

14.     The Board proposes to distribute to Briel Decker property which consists of approximately 1.722 acres located at 980 West Field, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 2, LOT 5, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes three buildings, at least two of which are residences.

(a)   Valuation

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $1,232,900.00 |

(b)   Distribution Price

| | |
|---|---|
| Land: | $11,251.55 |
| Improvements: | $400,000.00 |
| Unpaid Occupancy Fees: | $0.00 |
| **Total:** | **$411,251.55** |

15.     The Board proposes to distribute to Nathanial Holm property which consists of approximately 1.13 acres located at 1085 North Carling, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 11, LOT 5, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

9

(a)   <u>Valuation</u>

    Appraisal:                         None
    County Assessed Value:        $147,200

(b)   <u>Distribution Price</u>

    Land:                         $7,383.42
    Improvements:            $132,480.00
    <u>Unpaid Occupancy Fees:</u>      <u>$0.00</u>

    **Total:**                 **$139,863.42**

16.    The Board proposes to distribute to Charles Barlow property which consists of approximately 1.03 acres located at 1140 North Canyon, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 10, LOT 14, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence and apartment.

(a)   <u>Valuation</u>

    Appraisal:                         None
    County Assessed Value:        $292,100.00

(b)   <u>Distribution Price</u>

    Land:                         $6,730.02
    Improvements:            $21,907.50
    <u>Unpaid Occupancy Fees:</u>      <u>$6,800.00</u>

    **Total:**                 **$35,437.52**

17.    The Board proposes to distribute to Lyndon Fischer property which consists of approximately .855 acres located at 740 North Juniper, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 2, LOT 20, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

    (a)   <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $113,300.00 |

    (b)   <u>Distribution Price</u>

| | |
|---|---|
| Land: | $5,586.57 |
| Improvements: | $50,985.00 |
| <u>Unpaid Occupancy Fees:</u> | <u>$9,000.00</u> |
| **Total:** | **$65,571.57** |

18.     The Board proposes to distribute to John Barlow property which consists of approximately 1.44 acres located at 1260 North Canyon, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 12, LOT 3, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON COUNTY RECORDER'S OFFICE, which property includes a residence.

    (a)   <u>Valuation</u>

| | |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $102,400.00 |

    (b)   <u>Distribution Price</u>

| | |
|---|---|
| Land: | $9,408.96 |
| Improvements: | $0.00 |
| <u>Unpaid Occupancy Fees:</u> | <u>$800.00</u> |
| **Total:** | **$10,208.96** |

19.     The Board proposes to distribute to Nolan Barlow property which consists of approximately 1.31 acres located at 360 East Jessop Avenue, Hildale, Washington County, State of Utah, and legally described as SHORT CREEK SUBDIVISION 10, LOT 3, ACCORDING

TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE WASHINGTON

COUNTY RECORDER'S OFFICE, which property includes a residence.

    (a)    <u>Valuation</u>

|  |  |
|---|---|
| Appraisal: | None |
| County Assessed Value: | $39,600.00 |

    (b)    <u>Distribution Price</u>

|  |  |
|---|---|
| Land: | $8,559.54 |
| Improvements: | $20,720.00 |
| <u>Unpaid Occupancy Fees:</u> | <u>$8,200.00</u> |
| **Total:** | **$37,479.54** |

### III. PROCEDURE

This notice ("Notice") will be filed with the Court and posted on the UEP website (www.ueptrust.com).

Any interested person or Party who elects to challenge the Board's decision to distribute the Property as described in this Notice, must, within ten (10) calendar days of filing this Notice, file with the Court a written objection to the Notice and a request to submit ("Objection").

Upon filing of an Objection, the Court will make a determination whether the Board's decision as described in the Notice needs further judicial review, and if so, within five calendar days of filing the Objection, the Court will notify the Board. In such case, the Board's decision to distribute the Property will not be consummated until after the Court makes a specific ruling.

However, the filing of an Objection will not stay the Trust from implementing the distribution described in the Notice, unless the Court: (1) affirmatively determines that the

12

Board's decision to distribute needs further judicial review; and (2) so notifies the Board within five calendar days of filing the Objection.

If no Objection is timely filed within ten (10) calendar days after the filing and publicizing of the Notice in accordance with the Order, the Board's decision to distribute becomes operative and may be consummated by the Trust in accordance with the Order.

DATED this 19th day of July, 2016.    CALLISTER NEBEKER & McCULLOUGH


/s/ Zachary T. Shields
Zachary T. Shields
Attorney for the United Effort Plan Trust

13

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF INTENT TO DISTRIBUTE PROPERTY (SIXTH ROUND)** was served via ECF notification on the 19th day of July 2016, and via email on the following:

Sandra R. Kane (sandra.kane@azag.gov)

Ronald Rohbock (attaenterprise@gmail.com)

/s/ Zachary T. Shields

4826-0294-3028

14