Brett Godfrey
Karen Porter
GODFREY | JOHNSON, P.C.
9557 S. Kingston Court
Englewood, CO 80112
Phone: (303) 228-0700
godfrey@gojolaw.com
porter@gojolaw.com

Matthew Grimmer
GRIMMER & ASSOCIATES, P.C.
2975 W. Executive Parkway, Ste. 1982
Lehi, UT 84043
Phone: (801) 341-2075
mgrimmer@grimmerandassociates.com

*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALYSSA BISTLINE; RUBY JESSOP; SUSAN BROADBENT; GINA ROHBOCK; NOLAN BARLOW; JASON BLACK; MAY MUSSER; HOLLY BISTLINE, T.B.; M.B.; P.B.; A.B.; A.B.; DERREL BARLOW; ALICIA ROHBOCK, R.R.; R.R.; B.J.R.; WALLACE JEFFS; LAWRENCE BARLOW; STEVEN DOCKSTADER; MARVIN COOKE; HELEN BARLOW; VERGEL BARLOW; CAROLE JESSOP; BRIELL LIBERTAE DECKER, fka LYNETTE WARNER; AMY NIELSON; SARAH ALLRED; THOMAS JEFFS; and JANETTA JESSOP,<br>    *Plaintiffs,*<br>v.<br><br>WARREN STEED JEFFS; RODNEY R. PARKER; SNOW CHRISTENSEN & MARTINEAU, P.C.; and John Does I through X,<br>    *Defendants.* | Case 2:16-cv-00788-TS<br><br><br><br>**PLAINTIFFS' REPLY TO SNOW CHRISTENSEN & MARTINEAU, P.C. AND RODNEY R. PARKER'S (SC&M) MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR FED. R. CIV. P. 54(B) CERTIFICATION** |

Plaintiffs, by and through counsel, GODFREY | JOHNSON, P.C., respectfully submit this Reply to Snow Christensen & Martineau, P.C. and Rodney R. Parker's (collectively referred to herein as "SC&M") Memorandum in Opposition to Plaintiffs' Motion for Fed. R. Civ. P. 54(b) Certification (Docket No. 43) of this Court's Order of dismissal (Docket No. 37), showing the Court as follows:

## I. INTRODUCTION

Plaintiffs respectfully submit that the interests of judicial economy strongly favor delaying of proceedings necessary to liquidate the amount of their damages against Jeffs until *after* the resolution of their claims against SC&M.

Plaintiff's claims against SC&M are predicated to a significant degree upon the combined and concerted tortious acts of SC&M and Jeffs which, as part of an ongoing scheme, produced the damages claimed by Plaintiffs. The Complaint alleges facts sufficient to permit a jury to find that Jeffs and SC&M are jointly and severally liable for those damages.

This Court has made no finding of fact in this matter, as the disposition of the case was based solely upon the four corners of the Complaint, and no evidence has yet been placed in the record. To the extent that the dismissal of all claims against SC&M is the subject of a pending appeal, and to the extent that the trial of damages in this matter would control the liability exposure faced by SC&M if a partial or complete reversal of the Order of dismissal results from the appeal, SC&M would have a strong interest in defending the damages component of the case based upon its potential joint liability for those damages. Conversely, if the dismissal of all claims against SC&M is affirmed, SC&M will have no role in the trial of damages.

The interests of judicial economy warrant resolution of the appeal to avoid potential duplicative and inconsistent findings with respect to those damages. Therefore, while Plaintiffs

are entitled to a default against Jeffs at this juncture on the issues of liability and causation, the amount of damages should not be tried until after it is clear whether the appeal of the case will permit or require SC&M to defend the damages portion of this civil action. If SC&M is not a proper party to the action, then the Plaintiffs should not be confronted with the added burden of proving their damages in a contested proceeding, as the liability and causation issues would be eliminated by the default of the only remaining Defendant.

Additionally, this Court has previously held that when claims contained in a complaint are closely related and the complaint does not differentiate which claims are alleged against each defendant, as is naturally the case in the context of concerted tortious conduct leading to joint liability, judgment should not be entered against a defaulted defendant until the matter has been adjudicated as to all defendants. *Send Out Cards, LLC v. Tropical Advert. LLC*, No. 2:11-CV-725 TS, 2011 WL 6101917, at *1 (D. Utah Dec. 7, 2011).

As previously discussed in Plaintiffs' Motion for Fed. R. Civ. P. 54(b) Certification, Jeffs has defaulted and Clerk's default has been entered against him (Docket No. 36), but Plaintiffs have not yet sought a default judgment.

Pursuant to this Court's previous holding in *Send Out Cards, LLC*, and the interests of judicial economy, seeking default judgment against Jeffs requires a final resolution of the claims alleged against SC&M — either in the form of affirmance of this Court's Order of dismissal or in the form of adjudication of any portion of the action that is remanded for trial or other proceedings. As Jeffs is incarcerated for life and not participating in the litigation in any way, interests of judicial economy unique to him remain unaffected by holding the claims against him in abeyance pending outcome of the appeal.

## II. ARGUMENT

In *Send Out Cards, LLC*, 2011 WL 6101917, at *1, this Court denied a motion for default judgment brought against a defaulted defendant on the grounds that the claims alleged by Plaintiffs are largely the same against all defendants. To wit,

> Here, Plaintiffs claims against all Defendants are closely related. Indeed, Plaintiff's Complaint does not attempt to differentiate which claims are against which Defendant and largely makes claims against "Defendants" as a whole. Therefore, the Court finds that default judgment against Tropical Advertising is inappropriate until the claims against all Defendants have been resolved.

*Id.* The Court's analysis in reaching that holding was as follows:

> Upon entry of default, the court may enter default judgment against a defendant. Fed.R.Civ.P. 55. But the court will not enter default judgment if doing so creates a risk of inconsistent judgment against the remaining defendants. "[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Hunt v. Inter-globe Energy, Inc.,* 770 F.2d 145, 147 (10th Cir. 1985) (quotations omitted); *see also Frow v. De La Vega,* 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872). "[J]ust as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors." *Hunt*, 770 F.2d at 148. As a result, the rule against imposing default judgment on less than all jointly liable defendants also extends to situations "where several defendants have closely related defenses." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2690 (3d ed.2005).

*Id.* The adjudication of all remaining claims requires that a plaintiff be afforded the opportunity to seek a determination of liability against those remaining defendants on the merits of his claims. *See Hunt*, 770 F.2d at 147; *see also Frow*, 82 U.S. at 554.

This Court's analysis in *Send Out Cards, LLC* is directly on point with the circumstances of the instant case. Plaintiffs' claims against all Defendants are closely related and the Complaint

4

does not attempt to differentiate which claims are against which Defendants and largely makes claims against "Defendants" as a whole. The first paragraph of Plaintiffs' 472 paragraph Complaint alleges that Plaintiffs "have incurred injuries, damages and losses as a result of the combined and concerted acts and omissions of Defendants herein," *i.e.*, Warren Steed Jeffs, Rodney R. Parker and Snow Christensen & Martineau, P.C. (Docket No. 2, ¶ 1). Furthermore, in ¶ 2 of Plaintiff's Complaint, Plaintiffs allege that "Defendants are jointly and severally liable with one another pursuant to Utah common law, which expressly recognizes the ongoing validity of joint and several liability on the part of co-conspirators and co-tortfeasors acting in concert." (Docket No. 2, ¶ 2). The Complaint then provides an extensive chronology of acts and omissions to support this assertion. Thus, as this Court has previously held, "default judgment against [Jeffs] is inappropriate until the claims against all Defendants have been resolved."

As recognized by this Court in *Send Out Cards, LLC*, the rationale behind not entering default judgment in the circumstances discussed above is to avoid the possibility of inconsistent damage awards between joint and several tortfeasors, where a consistent damage award is essential. If Plaintiffs were required to go through the extensive process of proving the damages attributable to Jeffs, which pursuant to Fed.R.Civ.P. 55(b)(2) is necessary to effectuate a default judgment, and thereafter successfully appeal this Court's dismissal of their claims as to SC&M and those claims are presented to a jury, such duplicative process not only wastes judicial resources but would almost certainly result in inconsistent damage awards. Conversely, if this Court's Order of dismissal is upheld by the Tenth Circuit Court of Appeals, SC&M will have no role in the trial of the damages attributable to Jeffs.

### III. Conclusion

This Court could require a complete, final adjudication of the damages associated with the default-based liability of Jeffs, but doing so would leave unresolved the extent to which SC&M has either the right or the duty to participate in such proceedings. To the extent that it could be alleviated of any potential interest in that outcome by an appellate affirmance of the Order of dismissal, or alternatively could be very much affected by that determination, knowing which of these scenarios is in place is important before the Plaintiffs' damages are liquidated in a final judgment against either set of Defendants.

WHEREFORE, Plaintiffs respectfully request that this Court certify its Order granting SCM's Motion to Dismiss as a final judgment pursuant to Fed. R. Civ. P. 54(b) without further delay.

Respectfully submitted this 7th day of March, 2017.

| | |
|---|---|
| /s/ Brett Godfrey | /s/ Matthew Grimmer |
| Brett M. Godfrey | Matthew Grimmer |
| Karen J. Porter | Grimmer & Associates |
| GODFREY | JOHNSON, P.C. | 2975 W. Executive Parkway, Suite 1982 |
| 9557 S. Kingston Court | Lehi, UT 84043 |
| Englewood, CO 80112 | Phone: (801) 341-2075 |
| Phone: (303) 228-0700 | mgrimmer@grimmerandassociates.com |
| godfrey@gojolaw.com | |
| porter@gojolaw.com | |

## CERTIFICATE OF SERVICE

  I hereby certify that on this 7th day of March, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Brent O. Hatch, Esq.
Mark F. James, Esq.
Mitchell A. Stephens Esq.
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, UT 84101

        /s/ Brett Godfrey
        Brett M. Godfrey
        Karen J. Porter
        GODFREY | JOHNSON, P.C.
        9557 S. Kingston Court
        Englewood, CO 80112
        Phone: (303) 228-0700
        godfrey@gojolaw.com
        porter@gojolaw.com