IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALYSSA BISTLINE; RUBY JESSOP; SUSAN BROADBENT; GINA ROHBOCK; NOLAN BARLOW; JASON BLACK; MAY MUSSER; HOLLY BISTLINE; T.B.; M.B.; P. B.; A.B.; A.B.; DERRELL BARLOW; ALICIA ROHBOCK; R.R.; R.R.; B.J.R.; WALLACE JEFFS; LAWRENCE BARLOW; STEVEN DOCKSTADER; MARVIN COOKE; HELEN BARLOW; VERGEL BARLOW; CAROLE JESSOP; BRIELL LIBERTAE DECKER; LYNETTE WARNER; AMY NIELSON; SARAH ALLRED; THOMAS JEFFS; and JANETTA JESSOP,<br><br>            Plaintiffs,<br><br>v.<br><br>WARREN STEED JEFFS; RODNEY R. PARKER; SNOW CHRISTENSEN & MARTINEAU, P.C.; and JOHN DOES 1 THROUGH X,<br><br>            Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR FED. R. CIV. P. 54(b) CERTIFICATION<br><br><br>Case No. 2:16-CV-788 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion for Rule 54(b) Certification. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff filed a Complaint on July 13, 2016. Defendant Warren Jeffs failed to respond and default was entered on October 31, 2016. Defendants Parker and Snow Christensen & Martineau, P.C. ("SC&M") sought dismissal based on the applicable statutes of limitation and for failure to state a claim upon which relief may be granted. The Court granted Defendants'

motion to dismiss on January 11, 2017.  Plaintiffs now move for certification under Federal Rule of Civil Procedure 54(b).

## II.  DISCUSSION

Federal Rule of Civil Procedure 54(b) states,

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The Tenth Circuit has explained that "Rule 54(b) entries are not to be made routinely."[1]  Thus, a district court may enter judgment prior to the full resolution of all pending claims only when

> a district court adheres strictly to the rule's requirement that a court make two express determinations.  First, . . . that the order it is certifying is a final order.  Second, . . . that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.[2]

The district court must "clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay,'" to provide a clear record for appellate review.[3]  In considering whether there is no just reason to delay review of the order, the Court "must take into account judicial administrative interests as well as the

---

[1] *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (quoting *Great Am. Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir. 1980)).

[2] *Id.* (internal citations omitted).

[3] *Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 n.5 (10th Cir. 2002).

equities involved."[4]  Weighing these factors, the Court finds that the requirements of Rule 54(b) have been met in this case.

First, the Court's order dismissing SC&M and Parker under the statutes of limitation and Rule 12(b)(6) was a final order, as it disposed of all claims against SC&M and Parker.[5]

Next, because there is some overlap between Plaintiffs' adjudicated claims against SC&M, Parker, and the unadjudicated claims against Jeffs, there is some danger that the appellate court could be forced to consider the same issues on successive appeals in the event that Defendant Jeffs appealed the entry of judgment against him.  However, the Court finds that this danger is minimal because (i) the claims against SC&M and Parker are limited to the creation of the United Effort Plan Trust and legal services provided to the Fundamentalist Church of Jesus Christ of Latter-Day Saints, while the factual allegations involving Jeffs are separate and far more numerous,[6] and (ii) Jeffs is currently incarcerated for life and has a long history of failing to defend himself in legal matters in which he has been named as a defendant.[7]

If an immediate appeal were not allowed, Plaintiffs would have to prove damages and the Court would have to reduce their claims to judgment, a difficult task considering the number of Plaintiffs and the nature of the claims.  Then, if Plaintiffs were successful in their appeal of the dismissal of SC&M and Parker, Plaintiffs would have to re-prove their damages, this time to a

---

[4] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

[5] *See DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1031 (5th Cir. 1982); *Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 293 F. Supp. 2d 430, 434–35 (D. Del. 2003), *vacated on other grounds*, 395 F.3d 1315 (Fed. Cir. 2005).

[6] *See VDF FutureCeuticals, Inc. v. Stiefel Labs., Inc.*, 792 F.3d 842, 845 (7th Cir. 2015) (hearing certified claims despite some factual overlap where the overlap was not complete, and where the appellate court may have seen the same claims in a subsequent appeal if not decided immediately).

[7] *See* Docket No. 38, at 3 (collecting cases).

jury. This creates a serious danger of inconsistent damages awards. A single trial is preferable, and the scope of pretrial discovery will be more extensive if Defendants SC&M and Parker remain in the case.[8] Therefore, the entry of final judgment as to Defendants SC&M and Parker "will promote judicial efficiency and preserve the resources of the parties."[9]

In sum, the claims to be certified are separable from the remaining claims, the resolution of Plaintiffs' appeal will greatly simplify and facilitate the resolution of this case, and certification presents only a minimal danger that an appellate court will be forced to consider the same issues in successive appeals. For these reasons, the Court finds that there is no just reason to delay review of the Court's order dismissing Defendants SC&M and Parker.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Fed. R. Civ. P. 54(b) Certification (Docket No. 38) is GRANTED. The Clerk of the Court is directed to enter final judgment as to Defendants SC&M and Parker. The Clerk of the Court is further directed to administratively close this case pending the conclusion of Plaintiffs' appeal.

DATED this 14th day of March, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[8] *See DeLeonardis v. Berg*, 40 F. Supp. 2d 488, 491 (E.D. N.Y. 1999) (finding certification warranted where it would promote judicial efficiency and preserve the resources of the parties).

[9] *Id.*