Brent O. Hatch (5715)
Mark F. James (5295)
Mitchell A. Stephens (11775)
HATCH, JAMES & DODGE, P.C.
10 W. Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone:  (801) 363-6363
Facsimile:  (801) 363-6666

*Attorneys for Snow Christensen & Martineau, P.C. & Rodney R. Parker*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALICIA ROHBOCK; RUBY JESSOP; SUSAN BROADBENT; GINA ROHBOCK; NOLAN BARLOW; JASON BLACK; MAY MUSSER; HOLLY BISTLINE; LAWRENCE BARLOW; STEVEN DOCKSTADER; MARVIN COOKE; HELEN BARLOW; VERGEL BARLOW; CAROLE JESSOP; BRIELL LIBERTAE DECKER f/k/a LYNETTE WARNER; AMY NIELSON; SARAH ALLRED; THOMAS JEFFS; and JANETTA JESSOP<br>        *Plaintiffs,*<br>vs.<br><br>WARREN STEED JEFFS; RODNEY R. PARKER; SNOW CHRISTENSEN & MARTINEAU, P.C.; and JOHN DOES I THROUGH X<br>        *Defendants.* | **SNOW CHRISTENSEN & MARTINEAU, P.C. AND RODNEY R. PARKER'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**<br><br>Civil No. 2:16-cv-00788-EJF<br><br>Judge Ted Stewart |

Pursuant to Federal Rules of Civil Procedure 12(b)(6), 41(b), and 8(a)(1), Snow Christensen & Martineau, P.C. and Rodney R. Parker (collectively "SCM") hereby submit this Motion to Dismiss Plaintiffs' Amended Complaint.

## INTRODUCTION

The Amended Complaint (the "Complaint") is not a "short and plain statement" as required by Fed. R. Civ. P. 8(a)(2). To the contrary, it is a 127-page, single-spaced rant, complete with references to "Hitler," "Nazis," "African American slaves," and "the most egregious and shocking example of conduct unbecoming of a member of the Bar in American history." [*See* Dkt. 58]. "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Likewise, "[a] rule 8 pleading is not the proper place for the plaintiff to plead all of the evidence or to fully argue the claims." *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (affirming dismissal under Rule 8). Yet the Complaint purports to either quote or summarize legal authorities for pages on end. [*See, e.g.*, *id.* at ¶¶ 11(a)-(l); 23, 46-59, 86 ].

Remarkably, Plaintiffs' Complaint has become so complex that even they cannot track their own theories. For example, Plaintiffs' seventh claim for relief is "Aiding and Abetting the Commission of Felonies." [*Dkt.* 58 at ¶¶199-202]. Plaintiffs allege that SCM is liable under 18 U.S.C. § 2 because it "facilitated the commission" of Warren Jeffs' misconduct. [*See id.* ¶199]. However, Plaintiffs already have lost that issue. The original Motion to Dismiss recognized that the Supreme Court has "decline[d] to rely on 18 U.S.C. §2 as the basis for recognizing a private aiding and abetting right of action." [Dkt. 11 at 18-19 (quoting *Central Bank of Denver, NA v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190-91 (1994)]. In response, Plaintiffs admitted their error and "stipulated to the dismissal of this cause of action." [*See, e.g.*, Dkt. 37 (Mem. Decision) at 18]. That stipulated dismissal was not appealed, let alone reversed. Yet, the

claim inexplicably now has been repeated. *Cf.* Fed. R. Civ. P. 11. Other errors also abound in the Complaint. [*See, e.g.*, Dkt. 58 at ¶ 8 (alleging venue pursuant to Fed. R. Civ. P. 98 – a rule that does not exist); *id.* at ¶ 2(j) (naming Derrell Barlow as a party, despite Tenth Circuit's affirmance of his dismissal)].

Even if Plaintiffs were appearing *pro se*, their Complaint is so faulty that dismissal would be appropriate. *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (dismissing 26-page pro se complaint). With counsel, Plaintiffs' Complaint is inexcusable. It should be dismissed. *See, e.g.*, Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("[A] failure to satisfy Rule 8 can supply a basis for dismissal; Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil.").

## **ARGUMENT**

### I. THE COMPLAINT SHOULD BE DISMISSED.

"A rule 8 pleading is not the place for the plaintiff to plead all of the evidence or to fully argue the claims." *Chavez*, 195 Fed. Appx. at 730 (affirming dismissal). "Something labeled as a complaint but written more as a press release, prolix in detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Mann*, 477 F.3d at 1148 (affirming dismissal of "99-page, single-spaced pleading" because it was made "unintelligible 'by scattering and concealing in a morass of irrelevancies the few allegations that matter'"). "It is not the role of either the court or the

defendant to sort through a lengthy, conclusory, and poorly drafted complaint in order to construct a cause of action." *Abdelsamed v. U.S.*, 13 Fed. Appx. 883, 884 (10th Cir. 2001).

"[A] failure to satisfy Rule 8 can supply a basis for dismissal; Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007). The Tenth Circuit repeatedly has affirmed a trial court's discretion to dismiss a complaint that violates rule 8(a). *See generally Abdelsamed*, 13 Fed. Appx. at 884 (affirming dismissals of "a one hundred fifty-one page" complaint and amended "seventy-six page" complaint); *Abdelsamed v. Colorado*, 6 Fed. Appx. 771, 772 (10th Cir. 2001) (affirming dismissal of "a 103-page complaint"); *Windsor v. Colorado Dept. of Corrections*, 9 Fed. Appx. 967, 969-70 (10th Cir. 2001) (affirming dismissal because "the sheer volume of the complaint and its attachments fail to give Defendants fair notice"); *Muathe v. Fifth Third Bank*, 627 Fed. Appx. 732, 733-34 (10th Cir. 2015) (dismissing "'rambling' fifty page[]" complaint).

Plaintiffs' Complaint is not short and plain. Rather, it is 482 paragraphs and 127-pages of single-spaced ramblings. The "sheer volume of the complaint" makes it unwieldy to the point of being a meaningless tool for conducting discovery or preparing for trial. *Cf.*, *Windsor*, 9 Fed. Appx. at 969-70. Indeed, Plaintiffs' Complaint contains approximately 65,000 words. Many great novels are shorter. For example, The Old Man and the Sea contains approximately 27,000 words, The Great Gatsby contains approximately 47,000, and the Scarlet Letter approximately 63,000. Plaintiffs' Complaint is many things; it is not "short and plain." Neither the Court nor SCM should be burdened with a novel's worth of hyperbole when trying to litigate the issues at hand.

Furthermore, "[w]hile it is appropriate to state the legal theory upon which the factual allegations are predicated . . . a complaint should not include legal arguments or a discussion of case law." *In re Witaker*, 2014 WL 1329363 at *4 (Bankr. D.N.M. Mar. 28, 2014); *accord Womack v. Ocwen Loan Srv, LLC*, 2013 WL 5661128 at *1 (D. Colo. Oct. 17, 2013) (dismissing complaint that included "legal arguments . . . which are not appropriately included in a complaint"). In this case, Plaintiffs' complaint is riddled with legal argument. Indeed, entire pages of the Complaint are devoted to simply block quoting legal authorities. [*See, e.g.*, Dkt. 58 at ¶¶ 11(a)-(l); 23, 46-59, 86]. Answering such allegations would require full legal briefing from SCM, not an "admi[ssion] or den[ial]" of the facts "asserted against it." Fed. R. Civ. P. 8(b).

When Plaintiffs' counsel moved for admission pro-hac vice, they agreed to be bound by and comply with all local rules and standards. Likewise, their Utah counsel (who is not identified in the Complaint) retains the professional obligation to supervise counsel, oversee the litigation, and file documents with the Court. *See, e.g.*, Utah State Bar Advis. Op. Com. No. 17-04 ("The pro hac vice attorney should give local counsel an opportunity to review all documents to be filed with the court . . . [so] that local counsel can advise the client and the pro hac vice attorney about any revisions that need to be made to the documents to comply with Utah law before local counsel files them with the court . . . ."). Plaintiffs and their counsel have eschewed these obligations. Not only do their filings violate the federal rules of civil procedure, they also do not come close to complying with this Court's specific rules. *See, e.g.*, DUCivR 10-1 ("General Format of Papers"). Their failure to make even a basic attempt at compliance is yet another reason for dismissal. *Cf. Byrd v. Sam's Club*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party . . . for failing to comply with local or federal procedural rules.").

Plaintiffs' Complaint should be dismissed pursuant to rule 41(a). Neither the Court nor SCM should be forced to incur the burdens of Plaintiffs' improper Complaint throughout the case.

## II.   THE SEVENTH CLAIM FOR RELIEF HAS BEEN DISMISSED.

Even ignoring the remainder of the Complaint, Plaintiffs' seventh claim for relief is frivolous.[1]

The seventh claim for relief in Plaintiff's original complaint was for "Aiding and Abetting the Commission of Felonies." [*See* Dkt. 2 at ¶¶193-94]. Plaintiffs relied on "18 U.S.C. § 2; *Rosemond v. United States*, 134 S. Ct. 1240, 1245 (2014)." [*Id.* at ¶193]. SCM moved to dismiss that claim. SCM recognized that the United States Supreme Court had "decline[d] to rely on 18 U.S.C. § 2 as the basis for recognizing a private aiding and abetting right of action." *Central Bank Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190-91 (1994) (recognizing a contrary ruling "would work a significant shift in settled interpretative principals regarding implied causes of action.").

In response to SCM's original motion, Plaintiffs did not dispute that their aiding and abetting claim failed under established law. To the contrary, Plaintiffs declared as follows:

> [C]ounsel for plaintiffs has come to recognize that the specific averment that liability also attaches as a result of this joint commission under 18 U.S.C. 2 is misplaced; ***plaintiffs therefore concede that the Seventh Claim For Relief should be dismissed***; plaintiffs offer to stipulate to the dismissal of that claim.

[Dkt. 26 at xx (emphasis added)]. Given the binding precedent and Plaintiffs' own concessions, the Court then dismissed Plaintiffs' aiding and abetting claim. The Court's ruling was simple:

---

[1] Plaintiffs' claim fails the rule 11 standard. *See* Fed. R. Civ. P. 11(b). While a rule 11 letter and attendant sanctions would be appropriate, SCM and its counsel instead simply seek dismissal.

6

> In their seventh cause of action, Plaintiffs claim that Defendants are civilly liable for aiding and abetting the commission of felonies. However, the Supreme Court has refused to rely on 18 U.S.C. § 2 "as the basis for recognizing a private aiding and abetting right of action." Counsel for Plaintiffs has stipulated to the dismissal of this cause of action. Therefore, this claim is dismissed.

[Dkt. 37 at 18].

Plaintiffs did not appeal the stipulated dismissal of their aiding and abetting claim. Certainly, that dismissal was not reversed by the Tenth Circuit. *See generally Bistline v. Parker*, 918 F.3d 849 (10th Cir. 2019). Thus, in addition to failing under Supreme Court precedent, the claim also is now subject to the appellate mandate rule. *See, e.g., SCO Group, Inc. v. Novell, Inc.*, 2010 WL 413836 at *1 (D. Utah Jan. 28, 2010) ("[T]he mandate rule prevents a court from considering an argument that could have been, but was not, made on appeal.").

Despite binding authority from the Supreme Court, Plaintiffs' own concession, and the un-appealed dismissal from this Court, Plaintiffs' Complaint again includes a claim under 18 U.S.C. § 2 for aiding and abetting the commission of felonies. Indeed, the Complaint appears to have copied and pasted previously dismissed allegations. [*Compare* Dkt. 2 at ¶ ¶193-94 (asserting claim) *with* Dkt. 58 at ¶¶ 199, 202 (same)]. As before, Plaintiffs' claim is meritless. It has been – and should again be – dismissed with prejudice.

## CONCLUSION

"A rule 8 pleading is not the place for the plaintiff to plead all of the evidence or to full argue the claims." *Chavez*, 195 Fed. Appx. at 730. Nor is it an excuse to include claims already dismissed. This Motion should be grated, and Plaintiffs' claims dismissed.

Dated this 8th day of July, 2019

                                    HATCH, JAMES & DODGE, P.C.

                                    /s/ *Mitchell A. Stephens*
                                    Brent O. Hatch
                                    Mark F. James
                                    Mitchell A. Stephens