Brent O. Hatch (5715)
Mark F. James (5295)
Mitchell A. Stephens (11775)
HATCH, JAMES & DODGE, P.C.
10 W. Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone:  (801) 363-6363
Facsimile:  (801) 363-6666

*Attorneys for Snow Christensen & Martineau, P.C. & Rodney R. Parker*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALICIA ROHBOCK; RUBY JESSOP; SUSAN BROADBENT; GINA ROHBOCK; NOLAN BARLOW; JASON BLACK; MAY MUSSER; HOLLY BISTLINE; LAWRENCE BARLOW; STEVEN DOCKSTADER; MARVIN COOKE; HELEN BARLOW; VERGEL BARLOW; CAROLE JESSOP; BRIELL LIBERTAE DECKER f/k/a LYNETTE WARNER; AMY NIELSON; SARAH ALLRED; THOMAS JEFFS; and JANETTA JESSOP<br>    *Plaintiffs,*<br>vs.<br><br>WARREN STEED JEFFS; RODNEY R. PARKER; SNOW CHRISTENSEN & MARTINEAU, P.C.; and JOHN DOES I THROUGH X<br>    *Defendants.* | **SNOW CHRISTENSEN & MARTINEAU, P.C. AND RODNEY R. PARKER'S REPLY IN SUPOPRT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Civil No. 2:16-cv-00788-EJF<br><br>Judge Ted Stewart |

Snow Christensen & Martineau, P.C. and Rodney R. Parker (collectively "SCM") have moved to dismiss Plaintiffs' Amended Complaint because it violates Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement." Plaintiffs oppose the motion. In doing so, they mischaracterize SCM's Motion and offer no meritorious rationale as to why or how

their 127-page, single spaced amended complaint satisfies Rule 8 or the applicable local rules.[1] SCM's motion should be granted.

## ARGUMENT

Plaintiffs assert that SCM seeks dismissal of the amended complaint on three grounds. That is not accurate. SCM seeks dismissal because Plaintiffs' amended complaint utterly fails the "short and plain statement" requirement of Rule 8(a)(2).[2]

SCM's Motion cited the applicable rules and the applicable precedent. That precedent declares that a Complaint should not be a "press release," attempt to "plead all of the evidence or to fully argue the claims," or "include legal arguments or a discussion of case law." *See, e.g.*, *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006); *In re Witaker*, 2014 WL 1329363 at *4 (Bankr. D.N.M. Mar. 28, 2014). The law SCM cited in its opening memorandum is clear. "If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). *See Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("[A] failure to satisfy Rule 8 can supply a basis for dismissal; Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of

---

[1] In addition to the primary reason SCM has moved to dismiss Plaintiffs' amended complaint – its violation of Federal Rule of Civil Procedure 8, SCM also notes the amended complaint also does not comply with the local rules of this Court. For example, DUCivR 10-1 specifies how filings should be formatted including the caption, the font, and the need to have filings "double spaced." *See* DUCivR 10-1(a). Plaintiffs' single-spaced amended complaint does not comply.

[2] While SCM did note in its opening memorandum that plaintiffs' seventh claim was invalid and that the amended complaint contained other errors, those were simply obvious examples that demonstrate problems with the undue length and complexity of the amended complaint. In each instance, Plaintiffs acknowledge their errors.

the Federal Rules of Civil Procedure."). Plaintiffs cite no caselaw in support of their opposition. They do not even address the law. Instead, they make non-meritorious arguments that provide no justification for their rule-violating complaint.

Plaintiffs suggest that the Tenth Circuit somehow "implicitly approved" their amended complaint, and that SCM somehow waived its Rule 8 argument by not making it in response to Plaintiffs' earlier-filed complaint. Those assertions lack merit. The Tenth Circuit recognized that Plaintiff's failure to comply with Rule 8(a)(1)'s "'short and plain statement' requirement" was "never discussed by the district court or mentioned in any appellate briefs." *Bistline v. Parker*, 918 F.3d 849, 863 n.6 (10th Cir. 2019). Instead, the Court ruled on alternative arguments, which formed the basis for the appeal. Plaintiffs have not and cannot cite to any authority indicating that Rule 8(a)(1)'s standards have somehow been waived. Indeed, Plaintiff's filing of an amended complaint – which has now happened twice after the appeal – "renders the original complaint of no legal effect." *Johnson v. Johnson*, 2008 WL 4533975 at *1 (D. Utah Sept. 29, 2008) ("An amended complaint supersedes the original complaint . . . .").

Plaintiffs' 482 paragraphs and 127-pages of single-spaced ramblings are inexcusable and impermissibly over the top. Their amended complaint improperly is riddled with hyperbole and legal argument. And, it poses serious practical problems for the Court, counsel, and witnesses as the case moves forward. For example, it is common for a defendant to serve interrogatories or ask deposition questions about the allegations of a complaint. That becomes logistically implausible when the complaint is longer than a novel. *Cf.* Fed. R. Civ. P. 33(a)(1) (generally allowing "no more than 25 written interrogatories"); *id.* R. 30(d) (generally limiting depositions to "1 day of 7 hours"). Likewise, if the Plaintiffs' filing remains the operative document, discovery can be

expected to cover everything from "the infamous Hitler Youth of Nazi Germany" [Dkt. 60-2 at ¶ 33], to the "eviction of the Milton and Lenore Holm" – both non-parties [*Id.* ¶ 41], to the "doctrine known as 'blood atonement.'" [*Id.* at ¶ 398]. *Cf. Critical Nurse Staffing v. Four Corners Health Care*, 2016 WL 1642631 at *2 (D. Utah April 25, 2016) (finding discovery should be allowed because it was "relevant to the allegations in the Complaint").

It is neither fair to the Court, the magistrate judge, nor to SCM to move forward with a complaint that so flagrantly eschews the obligations of Rule 8.

## CONCLUSION

"A party should seek to frame his allegations as directly as possible; redundancy and verbosity are to be strictly avoided. Unnecessary prolixity in a pleading places an unjustified burden on a district judge and the party who must respond to it . . . ." 5 Fed. Prac. & Proc. Civ. § 1281 (3d ed.). "If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). *See Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (failure to satisfy Rule 8 can supply a basis for dismissal).

SCM's Motion should be granted, and Plaintiffs' amended complaint dismissed.

Dated this 19th day of July, 2019

                                        HATCH, JAMES & DODGE, P.C.

BY:   /S/ *Mitchell A. Stephens*
         Brent O. Hatch
         Mark F. James
         Mitchell A. Stephens

         *Attorneys for Snow Christensen & Martineau, P.C.*
         *& Rodney R. Parker*