Brent O. Hatch (5715)
Mark F. James (5295)
Mitchell A. Stephens (11775)
Hatch, James & Dodge, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah  84101
Telephone:  (801) 363-6363
Facsimile:   (801) 363-6666
Email: bhatch@hjdlaw.com
       mjames@hjdlaw.com
       mstephens@hjdlaw.com

*Attorneys for Defendants Snow Christensen & Martineau, P.C., and Rodney R. Parker*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALICIA ROHBOCK; RUBY JESSOP; SUSAN BROADBENT; GINA ROHBOCK; NOLAN BARLOW; JASON BLACK; MAY MUSSER; HOLLY BISTLINE; LAWRENCE BARLOW; STEVEN DOCKSTADER; MARVIN COOKE; HELEN BARLOW; VERGEL BARLOW; CAROLE JESSOP; BRIELL LIBERTAE DECKER fka LYNETTE WARNER; AMY NIELSON; SARAH ALLRED; THOMAS JEFFS; AND JANETTA JESSOP,<br><br>Plaintiffs,<br><br>v.<br><br>WARREN STEED JEFFS; RODNEY R. PARKER; SNOW CHRISTENSEN & MARTINEAU, P.C.; and John Does I through X,<br><br>Defendants. | **ANSWER AND SEPARATE DEFENSES OF SNOW CHRISTENSEN & MARTINEAU, P.C. AND RODNEY R. PARKER TO "CORRECTED AMENDED COMPLAINT"**<br><br>Civil No. 2:16-cv-00788-TS<br><br>Judge Stewart |

## PRELIMINARY STATEMENT

This lawsuit represents the worst in the traditions of the legal system. In the context of a so-called "Corrected Amended Complaint" (the "Complaint") that was transparently written to garner attention from and appeal to the media, and in an obvious attempt to embarrass one of Utah's most respected and prominent law firms and prominent lawyers, the named plaintiffs in this case have set forth a long, rambling dictation of scandalous allegations. The allegations and claims levied at Snow, Christensen & Martineau and Rodney Parker are false – indeed, blatantly false. While it is wrong that Snow, Christensen & Martineau and Mr. Parker should be forced to be involved in such a spectacle, the truth will reveal that the Snow Christensen firm and Mr. Parker always have acted in accordance with the highest level of professionalism and duty imposed by the law profession.

## ANSWER

Snow, Christensen & Martineau, P.C. ("SC") and Rodney R. Parker ("Parker") (collectively "SCM"), through their legal counsel, respond to the allegations of the numbered paragraphs of the Complaint as follows:

### First Defense

The Complaint and/or one or more causes of action set forth therein should be dismissed to the extent it/they fail to state a claim against either SC or Parker upon which relief may properly be granted.

### Second Defense

SCM denies or denies for lack of knowledge all allegations of the Complaint (Paragraphs 1–478, including subparagraphs, inclusive), and denies or denies for lack of knowledge all claims for relief, except SCM otherwise responds as follows to certain allegations contained in the numbered paragraphs of the Complaint as follows:

Admits the following allegations: Paragraph 3 (only as to those allegations regarding SC's place of business, structure, and having associated with other attorneys from time to time in its representation of certain clients); Paragraph 4 as to those allegations with respect Parker being an individual licensed to practice law and being a shareholder of SC; Paragraph 5 as to the name and residency of Warren Jeffs; Paragraph 29 affirmatively allege that the language of the Trust speaks for itself ; Paragraph 77 admit only the FLDS Church acquired land and constructed buildings on property located in Texas known as the "Yearning for Zion" Ranch; Paragraph 84 admit only that for a time SCM was hired to assist with the defense of Officer Holm and affirmatively allege that the official record in the Holm case speaks for itself; Paragraph 92 admit only that SCM learned that Warren Jeffs purported to expel some number of men from the FLDS Church; Paragraph 93 admit only that a civil action was brought, affirmatively allege that the record relevant to that action speaks for itself and deny any and all allegations that are inconsistent with or contrary to the record of that action, admit that SCM sought to withdraw from the case referenced, and admit that SCM represented certain FLDS interests (but not Warren Jeffs personally) in certain specific civil actions for which SCM was officially retained; Paragraph 94 admit only that a civil action was brought, affirmatively allege that the record relevant to that action speaks for itself and deny any and all allegations that are inconsistent with or contrary to the record of that action; Paragraph 95 admit only that SCM performed certain limited legal services of specific FLDS Church-related individuals and/or entities; Paragraph 98 admit only that SCM from time to time represented certain FLDS Church interests, all in accordance with SCM's legal and professional duties and responsibilities; Paragraph 103 admit only that media attention to the FLDS situation was growing in or around 2005; Paragraph 106 admits as to the first sentence; Paragraph  107 admit that the Utah Supreme Court issued an opinion, which speaks for itself; Paragraph 114 admit that Jeffs was found guilty and that on some date he was sentenced to prison, affirmatively allege that SCM did

3

not represent Jeffs in connection with the criminal case relating to Jeffs, and note that later the Utah Supreme Court reversed and remanded for a new trial; Paragraph 115 admit only that a raid occurred on the FLDS compound in Texas and deny for lack of knowledge the remaining allegations; Paragraph 117 admit only that Parker made one of several public statements, affirmatively allege that the Texas Supreme Court ultimately agreed with the sentiment Parker expressed, and deny all other allegations of this paragraph; Paragraph 118 admit only that Parker wrote a letter and affirmatively allege the letter speaks for itself; Paragraph 122 admit only that an order was entered and deny all allegations inconsistent with or contrary to the order; Paragraph 123 admit only that SCM has represented certain individual persons or entities, as the court records reflect, and otherwise deny; Paragraph 124 state that the record in the case referenced speaks for itself and deny any and all allegations of this paragraph that are inconsistent with and contrary to that record; Paragraph 125 state that the record in the case referenced speaks for itself and deny any and all allegations of this paragraph that are inconsistent with and contrary to that record; Paragraph 228 admit that Parker wrote a letter, affirmatively allege the letter speaks for itself, and deny all other allegations of this paragraph; Paragraph 366 admit that Warren Jeffs succeeded Rulon Jeffs as the Prophet of the FLDS Church; Paragraphs 408-412 admit Parker represented Amy Nielson for a specific limited purposed and for a limited period of time and deny any action or inaction by SCM in any manner that was unlawful, inappropriate or in breach of any duty.

### Third Defense

SCM denies generally and specifically each and every allegation of the Complaint it does not expressly and specifically admit herein.

### Fourth Defense

SCM asserts the defense of statute of limitations including pursuant to Utah Code sections 78B-2-307 and 78B-2-305, and pursuant to 18 U.S.C. 1595. To the extent that Plaintiffs rely upon

4

any extension of a statute of limitations to try and revive a previously expired claim, such arguments are unconstitutional under the due process and *ex post facto* clauses.

### Fifth Defense

SCM asserts the defenses of privilege – conditional, quasi-, attorney-client, judicial proceeding, and absolute, including legal privilege.

### Sixth Defense

SCM asserts the defenses of waiver, estoppel, and laches.

### Seventh Defense

There was no privity of contract between SCM, on the one hand, and plaintiffs, or any of them, on the other hand.

### Eighth Defense

Plaintiffs' claims are barred by their unclean hands and by the doctrine of *in pari delicto*.

### Ninth Defense

SCM owed no duty to any member of the FLDS Church for whom SCM was not retained to specifically and individually represent.

### Tenth Defense

SCM, including Parker, did not represent any individual member of the FLDS Church other than on occasion when SCM was specifically retained to represent an individual member, and then only when that individual member had been individually named in a lawsuit or other proceeding.

### Eleventh Defense

Some or all of Plaintiffs' claims are barred by the Constitution of the United States of America, including the First Amendment thereto, and/or by the Constitution of the State of Utah, including Article 1, Section 4.

### Twelfth Defense

Some or all of Plaintiffs' claims are barred by the assumption of risk.

### Thirteenth Defense

Plaintiffs' claims are barred, in whole or in part, based on the failure to mitigate damages.

### Fourteenth Defense

Plaintiffs' claims are barred, in whole or in part, because of third-party conduct that was an intervening or superseding cause.  As part of this defense, SCM expressly requests that any alleged fault be apportioned in accordance with the Liability Reform Act including to all of the individuals identified in the Corrected Amended Complaint (e.g., each plaintiff, John Does I through X, Warren Jeffs, Jeffs' "favored cohorts," the FLDS Church, "FLDS leaders," the UEP Trust, "co-counsel," the "Alta Academy," Nephi Jeffs, "Officer Holm," "Ora Bernice Steed," "LeRoy Jeffs," "Virgil Jessop," "Samuel J. Steed," "Seth Jeffs," "Bishop Lyle Jeffs," "Haven Barlow," "Sam Barlow," the "Colorado City Marshals," "Fred Jessop," "Marshal Hyrum Roundy," Susie Broadbent's "51-year-old cousin," "one of the sons of the first wife of [Susie Braodbent's] cousin," "Richard Rohbock," "Beagley & Sons Concrete (now known as Phaze Concrete)," "John Beagley," "Sonora Sun Construction," the "Hildale Clinic," May Musser's "older sister," "James Parley Jessop," "the fire department in Colorado City, Arizona," the "Town of Colorado City," "Isaiah Frank Barlow," "Warren Johnson," "FLDS-controlled law enforcement officers," "FLDS controlled home health employees," "New Era," Steven Dockstader's brothers, "Hildale Health Service Center," "Ezra Nielsen," "AllCo," "Dagrow Truss," the "FLDS Storehouse," and Janetta Jessop's "father").

**RESERVATION OF RIGHTS AND CLAIMS**

SCM does not concede the burden of proof as to any claim or as to any of the above defenses and does not waive the right to have plaintiffs, and each of them, present their prima facie evidence in support of each of their Causes of Action asserted against SCM. SCM does not waive, and expressly reserves, the right to amend their Answer to assert other defenses it may discover, including in the context of this lawsuit.

WHEREFORE, SC and Parker each request that the Complaint, including all causes of action asserted therein against SC and/or Parker, be dismissed with prejudice and upon the merits and that SC and Parker be awarded all costs, expenses, and attorneys' fees incurred in this matter, together with such other and further relief as the Court deems appropriate.

DATED this 14th of August, 2019.

HATCH, JAMES & DODGE

By:  /s/ Mark F. James
     Brent O. Hatch
     Mark F. James
     Mitchell A. Stephens

     *Attorneys for Snow, Christensen & Martineau and Rodney R. Parker*