IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALYSSA BISTLINE, et al.,<br><br>Plaintiffs,<br>v.<br><br>SNOW CHRISTENSEN & MARTINEAU, P.C., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING SHORT FORM DISCOVERY MOTION<br><br>Case No. 2:16-cv-788 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

This matter is referred to the undersigned from Judge Ted Stewart based upon 28 U.S.C. § 636(b)(1)(a). (ECF No. 57.) Pending before the court is Defendants' short form discovery motion seeking to "amend the Scheduling Order to increase the number of depositions [Defendants are] allowed to take and extend the fact discovery cutoff." (ECF No. 69 p. 1.) In the alternative, Defendants request that the court order Plaintiffs to provide reasonable disclosures. "Plaintiffs' initial disclosures originally identified 520 witnesses that Plaintiffs intend to use in their case." *Id.* p. 2. That number increased to 585 witnesses in Plaintiffs Third Supplemental Disclosures. Plaintiffs respond, asserting that it has been clear since the outset of this case that the wrongful conduct at issue "was perpetrated upon an entire community of thousands of people." (ECF No. 70 p. 2.) Thus, the number of witnesses is justified. As set forth below, the court will grant Defendants' motion.[1]

Plaintiffs are former members of the Warren Jeffs' Fundamentalist Church of Jesus Christ of Latter-Day Saints (FLDS Church), beneficiaries of a trust known as the United Effort

---

[1] Pursuant to DUCivR 7-1(f) the court elects to decide the matter on the basis of the written memoranda submitted by the parties.

Plan Trust (UEP Trust) and clients of Defendants. *See* Amend. Compl. p. 1, ECF No. 63. Briefly Plaintiffs allege, *inter alia*, that Defendants engaged in an illegal scheme and plan to defraud them, commit illegal activities against them and caused physical injuries and sicknesses. Plaintiffs identify hundreds of witnesses that they "may use in connection with discovery, pretrial conferences, motions practice or at trial…." (ECF No. 70 p. 2.) The scheduling order entered by the court anticipates that Plaintiffs will be allowed thirty depositions and Defendants will be permitted fifty. (ECF No. 68 p. 1.) Defendants assert they need an amended Scheduling Order to increase the number of depositions and extend fact discovery. Or, the court must order Plaintiffs to "provide reasonable disclosures", which presumably would include ordering Plaintiffs to trim their witness list substantially.

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure provides that each party must disclose, without awaiting a formal discovery request,

> the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; Fed. R. Civ. P. 26(a)(1)(A)(i).

Although the exact degree of specificity required under Rule 26 is not explicitly set forth, there is guidance in the principles underlying this Rule and in the Federal Rules of Civil Procedure. The Federal Rules are construed to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Disclosures are designed to facilitate the exchange of basic information to "help focus the discovery that is needed, and facilitate preparation for trial or settlement." *See* Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a). Initial disclosures should provide the parties "'with information essential to the proper litigation of all relevant facts, to eliminat[e] surprise, and to

promot[e] settlement.'" *Windom v. FM Industries, Inc.*, 2003 WL 21939033 *2 (D.Neb.2003) (quoting *Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D.Iowa 1992)). In an attempt to further incentivize full disclosure, Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that where a party fails to make a disclosure required by Rule 26(a) or Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37. Thus, the Federal Rules lean toward a system of over disclosure, versus a system of unknown surprises that undermine the fair and just resolution of disputes.

Here, Plaintiffs argue they are seeking to fully comply with Rule 26(a)(1)'s requirement to identify all individuals that may be used in their case. And this justifies the large disclosure. While the court appreciates Plaintiffs willingness to disclose, it is clear that given the vast amount of potential witnesses the Scheduling Order has become unworkable. Additionally, there is some concern by the court that Plaintiffs may be seeking to obfuscate their case by over disclosing. Thus the court finds some narrowing is necessary to prevent a dump truck approach to disclosing witnesses and information. *See In re Acceptance Ins. Cos. Sec. Litig.*, 2002 WL 32793423, at *2 (D. Neb. Aug. 2, 2002) (noting the purpose of the 2000 amendments to the Federal Rules that narrowed disclosure obligations to help prevent the dump truck approach to disclosures). Therefore, under the principles set forth above the court seeks a pragmatic approach while allowing the parties an opportunity to pursue their respective positions.

Accordingly, Plaintiffs are ORDERED to divide their list of witnesses up into categories of 100 with the first 100 being the most highly likely to be used during the course of these proceedings, and the most important in the view of Plaintiffs to their case. The next 100 would

be less likely and less important, then so forth until all witnesses are identified. This revised disclosure is to be provided to Defendants within thirty (30) days of this order.

IT IS FURTHER ORDERED that Plaintiffs are to provide information that complies with the requirements of Rule 26 for each group. This includes details such as the address and telephone numbers and subjects of information the witness has and that Plaintiffs may use to support its claims.

IT IS FURTHER ORDERED that the number of depositions allowed for the Defendants will be increased to 100 at this time. Plaintiffs allotted depositions will also be increased to 80. This will necessitate an extension of the fact discovery deadline. The parties ARE ORDERED to meet and confer and propose to the court a new workable schedule within thirty (30) days that accounts for the increases in deposition testimony. This proposed schedule is also to account for any increases in other discovery tools that may be necessary given the court's order to divide the witness list by importance.

Finally, as the case develops, the parties may petition the court for additional depositions and needed extensions. If a need is shown, the court will continue to adjust the schedule as necessary. The court, however, will not entertain a strategic initiative by the parties to needlessly drag this case out for years and years. Defendants motion is therefore GRANTED.

DATED this 24 January 2020.

_____
Dustin B. Pead
United States Magistrate Judge