IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALYSSA BISTLINE, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>SNOW CHRISTENSEN & MARTINEAU, P.C., et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:16-cv-788 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

This matter is referred to the undersigned from Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(a). (ECF No. 57.) The court previously entered a memorandum decision and order denying Plaintiffs' short form discovery motion. (ECF No. 86.) In that order the court directed the parties to file additional briefing concerning defendants' motion seeking phased discovery. (ECF No. 81.) Having considered the parties' additional briefing, case law, and the record of this case, the court will deny the motion.

BACKGROUND

Plaintiffs are former members of the Fundamentalist Church of Jesus Christ of Latter-Day Saints (FLDS Church). They claim to be beneficiaries of a trust known as the United Effort Plan Trust (UEP Trust). Plaintiffs allege that Defendant Snow Christensen & Martineau served as counsel to the FLDS Church and the UEP Trust. And, while acting in that capacity, conspired with Defendant Warren Jeffs (the leader of the FLDS Church) to engage in an illegal scheme and plan to defraud them, commit illegal activities against them, and caused physical injuries and sicknesses. *See* Amend. Compl. ECF No. 63.

As noted by the court in its prior decision, the Tenth Circuit reinstated this action, and on remand outlined the confines of this case. The Tenth Circuit stated:

> A factual question remains for [certain named] plaintiffs regarding whether (and how long) equitable tolling applies to their limitations periods, and whether individual implied attorney-client relationships existed. On remand the district court will also have to address the remaining elements of their claims. Furthermore, because these underlying torts are no longer dismissed for failure to state a claim, the court on remand must determine with respect to these fifteen plaintiffs whether the elements for civil conspiracy have been sufficiently pled.
> …
> for [certain] plaintiffs whose claims survive there is a factual question regarding when they discovered their claims, thereby starting the running of the statutory period, and whether an implied attorney-client relationship existed. The remaining elements of their claims must also be addressed on remand.

*Bistline v. Parker*, 918 F.3d 849, 889 (10th Cir. 2019).

Defendants seek to divide the remaining discovery into phases.

DISCUSSION

Defendants point to Rule 26(f)(3)(B) as a basis for their motion. Rule 26(f) affords parties an opportunity to confer and present a discovery plan. Subsection 26(f)(3)(B) provides that the parties may submit a proposal concerning "whether discovery should be conducted in phases or be limited to or focused on particular issues." Fed. R. Civ. P. 26(f)(3)(B). Plaintiffs, on the other hand, cite to Rule 42(b), asserting that Rule 26(f) is improper at this juncture, because an attorney conference was already held, agreement was reached on a discovery plan, and a proposed scheduling order was submitted to the court. The court agrees that Rule 42 is the proper standard because the attorney conference was already held and a scheduling order already entered.

Bifurcation under Rule 42 is not "'the norm or even a common occurrence.'" *Bonham v. GEICO Cas. Co.*, No. 15-CV-02109-MEH, 2016 WL 26513, at *1 (D. Colo. Jan. 4, 2016) (unpublished) (quoting *The Marianist Province of the United States, Inc. v. Ace USA*, No. 08-cv-

01760-WYD-MEH, 2010 WL 2681760, at *1 (D. Colo. July 2, 2010) (unpublished) (citing Fed. R. Civ. P. 42(b) advis. comm. notes (noting that bifurcation should not be routinely ordered))). A court, however, may order bifurcation in furtherance of convenience or to avoid prejudice, and a trial court has broad discretion in decisions relating to bifurcation. *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir.1985). The "presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses. The burden is on the defendant to convince the court that a separate trial, [or in this instance separate discovery], is proper." *Patten v. Lederle Labs*., 676 F.Supp. 233, 238 (D. Utah 1987).

The court finds Defendants have failed to meet their burden to show bifurcation will increase convenience, avoid prejudice, or be conducive to expedition and economy. *See Sensitron, Inc. v. Wallace*, 504 F.Supp.2d 1180, 1186 (D. Utah 2007) (noting the burden falls on the movant to prove the correctness of bifurcation). While some discovery may be avoided, assuming a party prevails on summary judgment following phased discovery, bifurcation will likely lead to a multiplication of discovery disputes regarding the scope of discovery in a certain phase, and whether such discovery fits within that phase. Given the history of this case, the court anticipates an increase in disputes and motions regarding where to draw the line of relevant discovery. *See Ecrix Corp. v. Exabyte Corp.*, 191 F.R.D. 611, 614 (D. Colo. 2000) (refusing to bifurcate discovery despite having bifurcated trial because of anticipated disputes regarding overlap). In addition, this district generally disfavors multiple summary judgment motions, *see* DUCivR-56-1(b)(1), and multiple summary judgments motions would only further delay resolution of this case.

The court therefore DENIES Defendants' Motion for Phased Discovery.

DATED this 5 November 2020.

_____
Dustin B. Pead
United States Magistrate Judge