IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALICIA ROHBOCK; RUBY JESSOP; SUSAN BROADBENT; GINA ROHBOCK; NOLAN BARLOW; JASON BLACK; MAY MUSSER; HOLLY BISTLINE; LAWRENCE BARLOW; STEVEN DOCKSTADER; MARVIN COOKE; HELEN BARLOW; VERGEL BARLOW; CAROLE JESSOP; BRIELL LIBERTAE DECKER, fka LYNETTE WARNER; AMY NIELSON; SARAH ALLRED; THOMAS JEFFS; and JANETTA JESSOP,<br><br>Plaintiffs,<br><br>v.<br><br>WARREN STEED JEFFS, RODNEY R. PARKER; SNOW CHRISTENSEN & MARTINEAU, P.C.; DAVID SLAGLE; JOHN R. LUND; MAX WHEELER; DAVID SLAUGHTER; ANDREW MORSE; RICHARD VAN WAGONER; FREDERICK GEDICKS; JOHN GATES; and John Does I through X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER LIMITING TESTIMONY AT TRIAL<br><br><br>Case No. 2:16-CV-788 TS<br><br>District Judge Ted Stewart |

This matter is set for a bench trial to begin on September 26, 2022. Warren Steed Jeffs, the sole remaining defendant, is in default. Plaintiffs seek a default judgment against Jeffs in an amount to be proven at the upcoming bench trial. "A defendant's default does not itself warrant the court entering a default judgment."[1] Before entering a default judgment, a court must ensure

---

[1] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (*quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

1

"that the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"[2]

Plaintiffs' claims against Jeffs include (1) common law fraud under Utah law; and (2) violations under the civil remedies statute of the Trafficking Victims Protection Reauthorization Act (TVPRA).[3]

First, to state a claim for fraud under Utah law, a party must allege sufficient facts to support:

> (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.[4]

Second, under the civil remedies statute of the TVPRA, "an individual who is a victim of a violation of [the TVPRA] may bring a civil action against the perpetrator . . . in an appropriate district court of the United States and may recover damages and reasonable attorneys fees."[5] While the Complaint generally asserts Plaintiffs' ability to recover damages under this statute, neither the Complaint nor the Trial Brief filed by Plaintiffs specifies the criminal statute or statutes within the TVPRA that they allege Jeffs violated.

---

[2] *Id.* (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)).

[3] 18 U.S.C. § 1595.

[4] *Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, ¶ 16, 70 P.3d 35.

[5] 18 U.S.C. § 1595.

Plaintiffs are directed that testimony offered at trial should focus on those facts that will support Plaintiffs' individual claims against Jeffs specifically for fraud and for violations of the TVPRA, including any facts that tie specific wrongful actions alleged to have been taken by Jeffs to the specific harm alleged to be suffered by individual Plaintiffs.

Regarding damages to be proven at trial, the Court understands that damages for common law fraud[6] and damages under a TVPRA civil action[7] may be awarded in the form of actual damages, which includes economic and non-economic damages such as emotional distress, and punitive damages. Plaintiffs are also directed that testimony offered at trial should focus on facts supporting both actual and punitive damages that Plaintiffs allegedly suffered as a result of Jeffs' specific actions.

It is therefore

ORDERED that testimony submitted by Plaintiffs in the Bench Trial scheduled for September 26, 2022, be limited to testimony that either (1) supplements or reiterates facts alleged in the Complaint to support Plaintiffs' claims against Jeffs specifically; and (2) provides information that will assist the Court in determining the amount of damages to which each Plaintiff is entitled—actual or punitive—as a result of Jeffs' wrongful actions.

---

[6] *Diversified Holdings, L.C. v. Turner*, 2002 UT 129, ¶ 16, 63 P.3d 686 ("While punitive damages may appropriately be awarded for fraud, the imposition of an award so disproportionate to the actual damages suffered must be justified by more than the mere fact of fraud.").

[7] *Francisco v. Susano*, 525 F. App'x 828, 834–35 (10th Cir. 2013) ("permitting punitive damages is consistent with Congress' purposes in enacting the TVPA and later including a civil remedy in the TVPRA, which include increased protection for victims of trafficking and punishment of traffickers.") (quoting *Ditullio v. Boehm*, 662 F.3d 1091, 1096 (9th Cir. 2011)).

DATED this 23rd day of September, 2022.

                    BY THE COURT:

                    _____
                    Ted Stewart
                    United States District Judge

4