Roger H. Hoole  5089
**HOOLE & KING, L.C.**
Attorneys for Plaintiffs
4276 South Highland Drive
Salt Lake City, Utah  84124
Telephone: (801) 272-7556
Facsimile: (801) 272-7557
rogerh@hooleking.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALICIA ROHBOCK; RUBY JESSOP; SUSAN BROADBENT; GINA ROHBOCK; NOLAN BARLOW; JASON BLACK; MAY MUSSER; HOLLY BISTLINE; LAWRENCE BARLOW; STEVEN DOCKSTADER; MARVIN COOKE; HELEN BARLOW; VERGEL BARLOW; CAROLE JESSOP; BRIELL LIBERTAE DECKER f/k/a, LYNETTE WARNER; AMY NIELSON; SARAH ALLRED; THOMAS JEFFS; and JANETTA JESSOP,<br><br>Plaintiff,<br><br>vs.<br><br>WARREN STEED JEFFS, et al.,<br><br>Defendant. | DAMAGES DECLARATION OF SARAH ALLRED<br><br><br><br><br><br><br><br>Case 2:16-cv-00788-TS<br><br>Judge G. Ted Stewart |

I, Sarah Allred, under criminal penalty under the laws of the State of Utah, and pursuant to Utah Code Ann. § 78B-18a-106, declare as follows:

1. I am over twenty-one years of age.

2. I am a Plaintiff in the above-captioned matter.

3. I make these statements based on my own knowledge and belief.

4. As allowed by the Court, I submit this Damages Declaration to summarize and supplement my trial testimony on September 26, 2022.

5. I agree with the facts common to all Plaintiffs and to the specific facts pertaining to me as set forth in the proposed Findings of Fact and Conclusions of Law.

6. While I was under Warren Jeffs' control, Jeffs knowingly forced me and threatened me with force both to myself and to my children to obtain my labor and services. Jeffs also knowingly used physical restraint and the threat of physical restraint of me and my children by separating us and keeping us confined in various houses of hiding to obtain my labor and services. Jeffs did this knowingly using his fraudulent scheme, plan and pattern to cause me to believe that if I did not provide labor and services for him, my children and I would suffer serious harm and physical restraint.

7. As stated at trial, my lost wages as set forth in trial Exhibit A totaled $271,142 and I was not paid for any of my work. Being trafficked also caused me medical problems and medical bills.

8. From the time I was spiritually married at 18 in November 1998 and no longer entitled to the necessities of life from my parents, I generally had housing, food, and utilities provided by the FLDS Church. I often lived in cramped communal housing with numerous other wives and their children. This generally poor standard of living, similar to that probably experienced

by other victims of labor trafficking, continued until I was expelled in June 2012.

9. The value of those necessities should be offset against the higher hourly rates (above minimum wage) that I should have been paid from the time I was 18.

10. Nevertheless, based on my experience living in the FLDS, I estimate the value of the necessities I received at $300 a month over the 163 months between November 1998 and June 2012 at $48,900 ($300 x 163 months) which total amount may, in the Court's discretion, be deducted from my economic damages, resulting in net lost wages of at least $222,242 ($271,142 - $48,900).

11. At trial, I also testified that my medical bills, as set forth in Exhibit A, which were a consequential damage of being trafficked for labor totaled an additional $223,540.

12. Therefore, I claim economic damages for forced labor and consequential medical bills in the total amount of at least $445,782 ($222,242 + $223,540).

13. Based on the evidence received by the Court in relation to my general or non-economic damages, I ask for an award of general damages in the amount of $4,000,000.

14. Accordingly, I estimate that my total economic and non-economic damages are at least $4,445,782 ($445,782 + $4,000,000).

15. Finally, I request an award of punitive damages in the amount of three times my total economic and non-economic damages.

I declare under criminal penalty of perjury in the State of Utah that the foregoing is true and correct to the best of my knowledge and belief.

_____
Sarah Allred

by other victims of labor trafficking, continued until I was expelled in June 2012.

9. The value of those necessities should be offset against the higher hourly rates (abov minimum wage) that I should have been paid from the time I was 18.

10. Nevertheless, based on my experience living in the FLDS, I estimate the value of necessities I received at $300 a month over the 163 months between November 1998 and June 2( at $48,900 ($300 x 163 months) which total amount may, in the Court's discretion, be deducted f my economic damages, resulting in net lost wages of at least $222,242 ($271,142 - $48,900).

11. At trial, I also testified that my medical bills, as set forth in Exhibit A, which a consequential damage of being trafficked for labor totaled an additional $223,540.

12. Therefore, I claim economic damages for forced labor and consequential medic in the total amount of at least $445,782 ($222,242 + $223,540).

13. Based on the evidence received by the Court in relation to my general economic damages, I ask for an award of general damages in the amount of $4,000,000.

14. Accordingly, I estimate that my total economic and non-economic dama least $4,445,782 ($445,782 + $4,000,000).

15. Finally, I request an award of punitive damages in the amount of three tim economic and non-economic damages.

I declare under criminal penalty of perjury in the State of Utah that the foregoin correct to the best of my knowledge and belief.

Sarah Allred

3