Roger H. Hoole  5089
**HOOLE & KING, L.C.**
Attorneys for Plaintiffs
4276 South Highland Drive
Salt Lake City, Utah  84124
Telephone: (801) 272-7556
Facsimile: (801) 272-7557
rogerh@hooleking.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALICIA ROHBOCK; RUBY JESSOP; SUSAN BROADBENT; GINA ROHBOCK; NOLAN BARLOW; JASON BLACK; MAY MUSSER; HOLLY BISTLINE; LAWRENCE BARLOW; STEVEN DOCKSTADER; MARVIN COOKE; HELEN BARLOW; VERGEL BARLOW; CAROLE JESSOP; BRIELL LIBERTAE DECKER f/k/a, LYNETTE WARNER; AMY NIELSON; SARAH ALLRED; THOMAS JEFFS; and JANETTA JESSOP,<br><br>Plaintiff,<br><br>vs.<br><br>WARREN STEED JEFFS, et al.,<br><br>Defendant. | **DAMAGES DECLARATION OF JANETTA JESSOP**<br><br><br><br><br><br><br><br><br>Case 2:16-cv-00788-TS<br><br>Judge G. Ted Stewart |

I, Janetta Jessop, under criminal penalty under the laws of the State of Utah, and pursuant to Utah Code Ann. § 78B-18a-106, declare as follows:

1. I am over twenty-one years of age.

2. I am a Plaintiff in the above-captioned matter.

3. I make these statements based on my own knowledge and belief.

4. As allowed by the Court, I submit this Damages Declaration to summarize and supplement my trial testimony on September 27, 2022.

5. Based on my TVPRA claim against Warren Jeffs, I conservatively estimate that I suffered damages, including the lost wage damages as summarized in this Damages Declaration.

6. I was required to work for Jeffs and businesses controlled by Jeffs. I was never paid or at least never allowed to keep my paychecks. To approximate my withheld wages, for purposes of this Damages Declaration, I will conservatively use an average hourly rate of $7.25.

7. My work history and forced donations (withheld wages) are as follows:

   a. When I was still living at home in Colorado City and going to school, I worked at CJs, a gas station in Hildale, Utah every day after school. As a child, I also participated in the annual pecan harvest. I estimate that at CJs I worked four hours a day, five days a week over a period of six months for a total of 520 hours. I also estimate that I worked 80 hours harvesting pecans.

   b. Later, both before and after I was spiritually married to Jeffs at age 16 in 2003, I was assigned the job of killing turkeys, chickens and pheasants and bottling the meat for the people who had qualified to go to Zion. I estimate that I spent a total of 60 hours in this endeavor.

   c. In Mancos, Colorado where I lived in the loft of a barn, I was assigned to care

       for between 13 and 20 children. I estimate that I spent a total of 320 hours caring for these children.

d.    I was required to provide all of this labor and services, but was not paid for any of it. If I had not been obedient and worked as directed, I would have suffered serious harm.

e.    After Jeffs corrected me and sent me back to live in Colorado City, Arizona, I was required to work at the Hildale Clinic in Utah taking Medicare and Medicaid information from FLDS patients. I estimate that I spent a total of 78 weeks at 40 hours a week in this job for a total of 3,120 hours.

f.    I was paid for working at the Hildale Clinic, but I was not allowed to keep the money.

8.    Therefore, I estimate that I worked 4,100 hours (520 + 80 + 60 + 320 + 3,120) and that my withheld wages at $7.25 an hour total $29,725 ($7.25 x 4,100).

9.    While I was under Jeffs' control, Jeffs knowingly forced me and threatened me with force to obtain my labor and services. Jeffs also knowingly used physical restraint and the threat of physical restraint by keeping me confined in places of refuge, houses of hiding and repentance houses to obtain my labor and services. Jeffs also knowingly using his fraudulent scheme, plan, and pattern to cause me to believe that if I did not provide labor and services for him, I would suffer serious harm and physical restraint.

10.    I should have received the necessities of life from my parents until I was 18 but I was required to leave my parents home when I was spiritually married to Jeffs just two months after I

turned 16. As one of Jeffs' many wives I had housing, food and utilities provided by the FLDS Church and lived in cramped communal settings akin to the standard of living likely experienced by other victims of trafficking.

11. The value of the necessities provided to me from the time I was 18 until I escaped from Jeffs when I was 19 and five months old should be offset against the withheld wages that I should have been paid.

12. Nevertheless, I estimate the value of those very basic necessities at $300 a month. Based on that valuation over the 17 months from my 18th birthday until I escaped to be $5,100. That total may, at the Court's discretion, be deducted from my economic damages.

13, As I testified at trial, after I escaped, I have been hospitalized eight times and diagnosed with severe PTSD, anxiety and depression for which I take medication. I am not able to sleep at night and have nightmares involving Jeffs, being entrapped and losing control. I continue to receive medical care. I conservatively estimate that my medical bills exceed $250,000.

14. Therefore, I claim economic damages at least in the total amount of $274,625 ($29,725 - $5,100 + $250,000).

15. Based on the evidence received by the Court in relation to my general or non-economic damages, I ask for an award of general damages in the amount of $3,000,000.

16. I estimate that my total economic and non-economic damages are at least ($274,625 + $3,000,000) $3,274,625.

17. Finally, I request an award of punitive damages in the amount of three times my total economic and non-economic damages.

I declare under criminal penalty of perjury in the State of Utah that the foregoing is true and correct to the best of my knowledge and belief.

*Janetta Jessop*
Janetta Jessop