Roger H. Hoole  5089
**HOOLE & KING, L.C.**
Attorneys for Plaintiffs
4276 South Highland Drive
Salt Lake City, Utah  84124
Telephone: (801) 272-7556
Facsimile: (801) 272-7557
rogerh@hooleking.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALICIA ROHBOCK; RUBY JESSOP; SUSAN BROADBENT; GINA ROHBOCK; NOLAN BARLOW; JASON BLACK; MAY MUSSER; HOLLY BISTLINE; LAWRENCE BARLOW; STEVEN DOCKSTADER; MARVIN COOKE; HELEN BARLOW; VERGEL BARLOW; CAROLE JESSOP; BRIELL LIBERTAE DECKER f/k/a, LYNETTE WARNER; AMY NIELSON; SARAH ALLRED; THOMAS JEFFS; and JANETTA JESSOP,<br><br>Plaintiff,<br><br>vs.<br><br>WARREN STEED JEFFS, et al.,<br><br>Defendant. | **DAMAGES DECLARATION OF AMY NIELSON**<br><br><br><br>Case 2:16-cv-00788-TS<br><br>Judge G. Ted Stewart |

I, Amy Nielson, under criminal penalty under the laws of the State of Utah, and pursuant to

Utah Code Ann. § 78B-18a-106, declare as follows:

1. I am over twenty-one years of age.

2. I am a Plaintiff in the above-captioned matter.

3. I make these statements based on my own knowledge and belief.

4. As allowed by the Court, I submit this Damages Declaration to summarize and supplement my proffered trial testimony on September 27, 2022.

5. I attributes all of my injuries and damages to growing up in the FLDS with the fraud perpetrated by Jeffs on me and the entire community.

6. The labor and services I was required to provide for Warren Jeffs was demanding in that it was required to show obedience and avoid harm to myself and my family. I was not paid for any of my work which I conservatively estimate included lost wage damages of $101,442 as summarized in trial Exhibit A.

7. From the time I started to work for the benefit of Warren Jeffs in August 1998, I received the necessities of life from my husband until I started to flee the FLDS in approximately August of 2014.

8. While I was working for Jeffs' benefit, I did receive a very basic standard of living including housing and at times some food from the Bishop's Storehouse.

9. The value of those necessities should be set off against the higher hourly rate (above minimum wage) that I should have been paid during this time.

10. I estimate the value of the necessities I received at $300 a month from the summer of 1998 until I left in the late summer of 2014 (192 months x $300) for a total of $57,600, which total amount may, in the Court's discretion, be deducted from my economic damages.

11.     Therefore, I claim economic damages in the total amount of at least $43,842 ($101,442 - $57,600) for lost wages.

12.     Based on the evidence received by the Court in relation to my general or non-economic damages, I ask for an award of general damages in the amount of $2,000,000.

13.     Accordingly, I estimate that my total economic and non-economic damages are at least $2,043,842 ($43,842 + $2,000,000).

14.     Finally, I request an award of punitive damages in an amount equal to my total economic and non-economic damages.

_____
Amy Nielson

11.  Therefore, I claim economic damages in the total amount of at least $43,842 ($101,442 - $57,600) for lost wages.

12.  Based on the evidence received by the Court in relation to my general or non-economic damages, I ask for an award of general damages in the amount of $2,000,000.

13.  Accordingly, I estimate that my total economic and non-economic damages are at least $2,043,842 ($43,842 + $2,000,000).

14.  Finally, I request an award of punitive damages in an amount equal to my total economic and non-economic damages.

Amy Nielson